IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

JULY 1997 SESSION

FILED

October 10, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

STATE OF TENNESSEE,                )
                                   )
            APPELLEE,              )
                                   )    No. 02-C-01-9605-CC-00168
                                   )
                                   )    Madison County
v.                                 )
                                   )    Whit Lafon, Judge
                                   )
                                   )    (Aggravated Sexual Battery)
STEVEN DARRELL LITTLE,             )
                                   )
            APPELLANT.             )


FOR THE APPELLANT:                      FOR THE APPELLEE:

Jerry M. Mosier                         John Knox Walkup
Attorney at Law                         Attorney General & Reporter
204 West Baltimore                      500 Charlotte Avenue
Jackson, TN 38302-1623                  Nashville, TN 37243-0497

                                        Clinton J. Morgan
                                        Assistant Attorney General
                                        450 James Robertson Parkway
                                        Nashville, TN 37243-0493

                                        James G. Woodall
                                        District Attorney General
                                        P.O. Box 2825
                                        Jackson, TN 38302-2825

                                        James W. Thompson
                                        Assistant District Attorney General
                                        P.O. Box 2825
                                        Jackson, TN 38302-2825


OPINION FILED:_____


CONVICTIONS AFFIRMED; REMANDED FOR NEW SENTENCING HEARING


Joe B. Jones, Presiding Judge

# O P I N I O N

The appellant, Steven Darrell Little (defendant), was convicted of two counts of aggravated sexual battery, a Class B felony, by a jury of his peers. The trial court found that the defendant was a standard offender and imposed Range I sentences consisting of confinement for twelve (12) years in the Department of Correction for each count, to be served concurrently. In this Court, the defendant contends the evidence is insufficient to support his convictions. He further contends the trial court erred by (a) denying his motion for a severance, (b) overruling his objection to a statement made by the assistant district attorney general during summation, and (c) failing to follow the mandates of the Tennessee Sentencing Reform Act of 1989. After a thorough review of the record, the briefs submitted by the parties, and the law governing the issues presented for review, it is the opinion of this Court that the defendant's convictions should be affirmed, but this case is remanded to the trial court for a new sentencing hearing.

The defendant was involved in an accident several years prior to the commission of the crimes in question. He suffered an injury to his spinal cord and is now paralyzed from his chest down to his feet. He has no feeling in this portion of his body. He is confined to a wheelchair.

During the summer of 1995, the defendant visited Highland Park practically every day. He met several of the children who attended a supervised camp at the park. There were two people who supervised the children.

In July of 1995 the defendant was visiting the park. He asked C.M. and A.Y.,[1] two very young girls, to show him the genital area of their respective bodies. Both C.M. and A.Y. complied with the defendant's request. The defendant then touched the genital area of both girls.

The defendant testified in support of his defense. He related he was at a bench with several children when A.Y. revealed the genital area of her body while sitting on the bench. According to the defendant, C.M. was behind a tree revealing the genital area of her body. He stated he left the bench area and went towards a stage, and then towards a pavilion

---

[1]It is the policy of this Court not to identify the minor victims of sexual abuse.

where the supervisors congregated. He blamed a young boy, G.L.S., for what occurred. He testified G.L.S. "instigated what happened out there in the park." He denied asking the girls to reveal the genital area of their bodies, and he denied touching either victim.

## I.

The defendant contends the evidence contained in the record will not support a finding by a rational trier of fact finding that he was guilty of the offenses in question beyond a reasonable doubt. He argues "the inconsistencies in the stories of the minor victims, when considered in conjunction with the locations described in the proof and the numerous people in the area, make it highly improbable, if not impossible for the offenses to have occurred." In short, the defendant wants this Court to redetermine the credibility of the young victims.

It is a well-established rule of law that questions concerning the credibility of the witnesses, the weight and value to be given the evidence, as well as all factual issues raised by the evidence are resolved by the trier of fact, not this Court. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). As the supreme court said in State v. Grace, 493 S.W.2d 474, 476 (Tenn. 1973): "A guilty verdict by the jury, approved by the trial judge, accredits the testimony of the witnesses for the State and resolves all conflicts in favor of the State." In other words, this Court cannot redetermine the credibility of the youthful witnesses. The issues of credibility and believability were determined by the jury.

This issue is without merit.

## II.

The defendant contends the trial court committed error of prejudicial dimensions by denying his motion for a severance of the counts contained in the indictment. The State of Tennessee contends this Court must presume the ruling of the trial court was correct because the record does not contain a transcription of the hearing on the motion. The record contains an order denying the motion which indicates the motion was brought to the

3

attention of the trial court, the court held a hearing on the motion, and the court subsequently denied the motion.

This Court has reviewed the record in an attempt to find a transcription of the hearing on the motion for severance. The hearing has not been memorialized by a transcription of the proceeding. Thus, this Court may not consider this issue. State v. Ballard, 855 S.W.2d 557, 560-61 (Tenn. 1993); State v. Banes, 874 S.W.2d 73, 82 (Tenn. Crim. App. 1993), per. app. denied (Tenn. 1994). Instead, the court must presume the ruling of the trial court was correct. State v. Richardson, 875 S.W.2d 671, 674 (Tenn. Crim. App. 1993), per. app. denied (Tenn. 1994); State v. Oody, 823 S.W.2d 554, 558 (Tenn. Crim. App.), per. app. denied (Tenn. 1991).

## III.

The defendant contends the trial court committed error of prejudicial dimensions by overruling his objection to a statement made by the assistant district attorney general during summation. He argues the assistant district attorney general told the jury to take this case "in the totality" instead of telling the jury it must consider each case on its individual merits. The State of Tennessee argues the objection made by the defendant was insufficient, as a matter of law, because it did not state the grounds or reasons for the objection. When addressing the merits, the State of Tennessee argues the defendant was not prejudiced by the comment as he was acquitted of one count.

The following occurred during the state's summation:

> MR. THOMPSON: Now we had one child in here who might be a doubt, but we've got three children who say it happened to them, and we've got another child, a fourth child, it didn't happen to him, [GLS], but he saw it happen to one of the children. I submit to you in taking this case in its totality, that your verdict should be guilty as charged.
>
> MR. MOSIER: Your Honor please, I want to object to that line of argument.
>
> THE COURT: All right, note your exception.
>
> MR. THOMPSON: Because each of these children, by stating what happened, corroborate each other.

4

This is the only part of the state's summation contained in the record. The balance of the summation was not transcribed.

As a general rule, this Court is to consider the context of a statement by an assistant district attorney general in the context of the entire summation. The Court cannot do this in this case because the vast majority of the state's summation was not transcribed. Nevertheless, the trial court did not abuse its discretion by overruling the defendant's argument to this portion of the state's summation. The two victims were together most of the time. They were together when the defendant asked them to show him their respective genital areas. G.L.S. saw the defendant touching the genital area of C.M. Thus, the testimony of the three children supports the state's theory. Furthermore, the testimony of each victim corroborated the testimony given by the other victim. As the assistant district attorney general stated, he was simply suggesting the testimony of corroboration given by the witnesses should be considered along with the testimony of each victim. The assistant district attorney general was not attempting to have the jury consider all three crimes in determining the guilt of the defendant in each individual case. Thus, the trial court did not abuse its discretion by overruling the defendant's objection.

This issue is without merit.

## IV.

The defendant contends the trial court did not comply with the provisions of the Criminal Sentencing Reform Act of 1989. The State of Tennessee states "[i]t is obvious that the trial court's one sentence statement does not meet the requirements of the statute." However, the state asks this Court to decide this issue by conducting a de novo review without a presumption of correctness of the trial court's findings of fact.

When sentencing the defendant, the trial court stated: "All right. It is the judgment of the Court that the Defendant receive a sentence of the maximum for Range I, 12 years on each, and they run concurrent." The record does not reveal what enhancement factors and what mitigating factors the trial court considered when determining the length of the sentence imposed.

Most enhancement factors are fact driven. The record appears to support at least three enhancement factors. It is unknown if the trial court considered or rejected these factors.

This Court is of the opinion this cause should be remanded to the trial court for a new sentencing hearing. On remand the trial court should state on the record what it considers in determining the length of the sentences imposed. State v. Jones, 883 S.W.2d 597, 599 (Tenn. 1994). If any party is aggrieved by the sentences imposed, the party may appeal as of right pursuant to Tenn. Code Ann. §§ 40-35-401(d) or -402(d).

_____
JOE B. JONES, PRESIDING JUDGE

CONCUR:

_____
DAVID H. WELLES, JUDGE

_____
JOE G. RILEY, JUDGE

6