IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 4, 2003

## STATE OF TENNESSEE v. JACKIE LEE GRAY

**Direct Appeal from the Circuit Court for Maury County**
**No. 11992; 11993; 12096     Robert L. Jones, Judge**

---

**No. M2002-00802-CCA-R3-CD - Filed September 4, 2003**

---

On January 28, 2002, the appellant, Jackie Lee Gray, pleaded guilty to two counts of misdemeanor assault, one count of vandalism under $500, one count of public intoxication, and one count of resisting arrest. The judgments in the technical record reflect that the appellant was ordered to serve an effective sentence of six months incarcerated and six months on probation for his convictions. On August 6, 2002, this court granted the appellant's motion to late-file a transcript of the evidence. On September 26, 2002, the Circuit Court of Maury County had not yet received the transcript and therefore sent the technical record to the court. The appellant now brings this appeal claiming that the trial court improperly ordered him to serve a portion of his sentence in jail. Because the transcript of the sentencing hearing is not before this Court we have no choice but to affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which DAVID H. WELLES and NORMA MCGEE OGLE, JJ., joined.

William C. Barnes, Jr., Columbia, Tennessee, for appellant, Jackie Lee Gray.

Paul G. Summers, Attorney General & Reporter; Kim R. Helper, Assistant Attorney General; and Mike Bottoms, District Attorney General, for appellee, State of Tennessee.

**OPINION**

Analysis

In its brief the State notes that the appellant discusses the facts of the case and includes citations to the record. However, despite this Court's order granting the appellant's motion to late-file the transcript, it is not included in this record. Therefore, because the record of the dispositive issues is incomplete, we must presume that the trial court's decision is proper.

When an appellant challenges his sentence, this Court should conduct a *de novo* review with a presumption of correctness. See Tenn. Code Ann. § 40-35-401(d). Because there is no transcript included in the record "the proper course of action is for the Court to *sua sponte* presume that the trial court's decision is correct when the record is insufficient to determine otherwise." State v. Kern, 996 S.W.2d 842 (Tenn. Crim. App. 1999); State v. Richardson, 875 S.W.2d 671, 674 (Tenn. Crim. App. 1993); State v. Cooper, 736 S.W.2d 125, 131 (Tenn. Crim. App. 1987).

## Conclusion

Based on the foregoing, the judgment of the trial court is AFFIRMED.

_____
JERRY L. SMITH, JUDGE