IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs at Knoxville May 19, 2009

## STATE OF TENNESSEE v. SHAWN NICHOLAS FERGUSON

**Appeal from the Circuit Court for Marshall County**
**No. 16,977      Robert Crigler, Judge**

---

**No. M2008-00241-CCA-R3-CD - Filed June 24, 2009**

---

The defendant, Shawn Nicholas Ferguson, pleaded guilty in the Marshall County Circuit Court to one count of possession with intent to sell marijuana, one count of possession with intent to deliver marijuana, and possession of drug paraphernalia. After merging the conviction of possession with intent to sell marijuana with the conviction of possession with intent to deliver marijuana, the trial court imposed a fully incarcerative, Range I sentence of one year and one month. The trial court imposed a concurrent 11-month and 29-day sentence for the conviction of possession of drug paraphernalia. In this appeal, the defendant asserts that the trial court erred by ordering a fully incarcerative sentence. Discerning no error, we affirm.

**Tenn. R. App. P. 3; Judgments of the Circuit Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which NORMA MCGEE OGLE and D. KELLY THOMAS, JR., JJ., joined.

Raymond W. Fraley, Jr., Fayetteville, Tennessee, for the appellant, Shawn Nicholas Ferguson.

Robert E. Cooper, Jr., Attorney General and Reporter; Deshea Dulany, Assistant Attorney General; W. Michael McCown, District Attorney General; and Weakley E. Barnard, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The defendant, Shawn Nicholas Ferguson, pleaded guilty in the Marshall County Circuit Court to one count of possession with intent to sell marijuana, one count of possession with intent to deliver marijuana, and possession of drug paraphernalia. Although the appellate record does not contain a transcript of the plea submission hearing, the "official version" of the offense contained within the presentence report provides the following recitation of the facts: "During the fall of 2004, the defendant came under investigation by the 17th judicial district drug task force. On 17 December 2004, the agents served a search warrant on the offender. The search of the house revealed a large amount of marijuana, cash and drug paraphernalia." The "agency statement" in the

presentence report indicates that officers seized a large quantity of marijuana, $6,201 "in suspected illegal drug proceeds," digital scales, and rolling papers.

The trial court imposed a sentence of one year and one month for the conviction of possession with intent to sell marijuana, a Class E felony, and a concurrent sentence of 11 months and 29 days for the conviction of possession of drug paraphernalia. The trial court merged the conviction of possession with intent to deliver marijuana into the conviction of possession with intent to sell marijuana. The court ordered that the effective one-year and one-month sentence be served in the Department of Correction.

In this appeal, the defendant contends that the trial court erred by denying an alternative sentence. The State submits that because the record is inadequate for appellate review, this court must presume that the trial court correctly denied alternative sentencing. We agree with the State.

The appellant bears the burden of preparing an adequate record on appeal, *see State v. Ballard*, 855 S.W.2d 557, 560 (Tenn. 1993), which includes the duty to "have prepared a transcript of such part of the evidence or proceedings as is necessary to convey a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal," Tenn. R. App. P. 24(b). If the appellant fails to file an adequate record, this court must presume the trial court's ruling was correct. *See State v. Richardson*, 875 S.W.2d 671, 674 (Tenn. Crim. App. 1993). In the absence of the transcript of either the plea submission hearing or the sentencing hearing, we are without even the most basic facts upon which we could conduct a de novo review. *See* T.C.A. § 40-35-401(d) (2003) (requiring that appellate court conduct a de novo review of the sentencing decision of the trial court with a presumption that the determinations made by the trial court are correct). In consequence, we must presume that the trial court correctly denied alternative sentencing in this case.

Accordingly, the judgments of the trial court are affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE