IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs August 4, 2009

## DENNIS JARRETT v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Madison County**
**Nos. C07-385, -351    Donald H. Allen, Judge**

**No. W2008-01644-CCA-R3-PC   -   Filed January 8, 2010**

The petitioner, Dennis Jarrett, proceeding *pro se,* appeals the Madison County Circuit Court's denial of his petition for post-conviction relief. In two separate cases, the petitioner was convicted of two counts of driving after being declared a habitual motor vehicle offender, felony reckless endangerment, felony evading arrest, possession of drug paraphernalia, violation of the implied consent law, failure to appear, and violation of the open container law. On appeal, he contends that the post-conviction court erred in denying relief. Specifically, he contends that he was denied his right to the effective assistance of counsel based upon: (1) trial counsel's failure to properly challenge that the traffic stop was based on reasonable suspicion in Case No. C07-351; (2) trial counsel's failure to object to inadmissible hearsay in Case No. 07-385; (2) the judge's application of enhancement factors not found by the jury; and (3) the cumulative effect of trial counsel's errors. Following review of the record, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which ALAN E. GLENN and J.C. MCLIN, JJ., joined.

Dennis Jarrett, Tiptonville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Clarence E. Lutz, Assistant Attorney General; James G. (Jerry) Woodall, District Attorney General; and Alfred L. Earls, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**Factual Background**

The relevant underlying facts of the cases, as stated on direct appeal, are as follows:

Case No. 07-351

Trooper Claude Cain with the Tennessee Highway Patrol testified that he received a "tip" about [the petitioner] from an unidentified individual on October 30, 2003. A few minutes later, Trooper Cain spotted [the petitioner's] vehicle and pulled him over. Trooper Cain stated that he ran a computer check of [the petitioner's] driver's license and confirmed that [he] had previously been declared a habitual motor vehicle offender. Trooper Cain stated that a habitual motor vehicle offender status entailed the loss of driving privileges in Tennessee. Trooper Cain identified a certified copy of an order from Hardeman County signed by Judge Blackwood declaring [the petitioner] to be a habitual motor vehicle offender. At the State's request, the order was entered into evidence as Exhibit One without objection by defense counsel. . . .

Trooper Cain testified that an open can of beer which was two-thirds full was between the front bucket seats of [the petitioner's] vehicle. On cross-examination, Trooper Cain stated that [the petitioner] was the only individual in the vehicle when he was pulled over and acknowledged that he did not observe [the petitioner] commit any moving violations prior to the stop.

*State v. Dennis Jarrett*, No. W2005-02157-CCA-R3-CD (Tenn. Crim. App. at Jackson, Apr. 24, 2007). Following a trial, the petitioner was convicted of driving after being declared a habitual motor vehicle offender and violation of the open container law. A panel of this court affirmed the convictions on direct appeal.

Case No. 07-385

Deputy Julie Bradley, with the Madison County Sheriff's Department, testified that she observed a green four-door vehicle run a red light on Highway 70 at approximately 1:00 a.m. on May 19, 2004. Deputy Bradley activated her emergency equipment and followed the vehicle until it pulled over. Deputy Bradley turned on the patrol car's spot light and approached the vehicle. Deputy Bradley said that she could see the driver's face in the vehicle's side mirror and the man was laughing. Deputy Bradley identified [the petitioner] at trial as the driver of the stopped vehicle.

Deputy Bradley approached the driver's side of the vehicle and smelled alcohol. She said that [the petitioner] refused to give her his name or driver's license. Instead, he began searching in the console with both hands. Deputy Bradley became concerned for her safety and told [the petitioner] to place his hands in view. When he did not cooperate, she told [the petitioner] that he was not free to leave. She said she backed up to her vehicle while she called for back-up. [The petitioner] drove off as Deputy Bradley was getting into her vehicle.

Deputy Bradley followed [the petitioner] as he drove through town and turned the wrong way down a one-way street. [The petitioner] turned on to State Street

-2-

which was barricaded at the other end. [The petitioner] drove behind a building located at the end of State Street, and Deputy Bradley pulled into the building's front parking lot. She then drove slowly around the side of the building to see where [the petitioner] had gone. [The petitioner] drove toward[] her with his bright lights on. Deputy Bradley heard [the petitioner] "rev" his engine, and Deputy Bradley threw her vehicle into reverse in order to avoid a head-on collision. [The petitioner] swerved around and drove toward[] the patrol car from the rear. [The petitioner's] vehicle missed the patrol car, jumped a curb, and blew out the right front tire.

Deputy Bradley said that [the petitioner] exited his car and ran toward a culvert at the end of State Street. He jumped into the culvert and exited at the south end. [He] ran beside a building until he was apprehended by another officer who had responded to Deputy Bradley's request for assistance. Deputy Bradley said that [the petitioner] broke his foot while he was running, and an ambulance was requested. A routine pat down search prior to the arrival of the ambulance revealed a crack pipe and lighter in [his] left front shirt pocket.

Deputy Bradley followed the ambulance to the hospital. The attending doctor informed [the petitioner] that his injury would require surgery and asked [him] if he was under the influence of drugs or alcohol. Deputy Bradley said that [the petitioner] told the doctor that he had consumed four beers and smoked twenty dollars worth of crack cocaine about thirty minutes before Deputy Bradley pulled him over. Deputy Bradley said that she read [the petitioner] an implied consent form. [He] told her that he understood the form, but he refused to sign the consent form or submit to a Breathalyzer test.

Deputy Bradley testified that based on her experience as a law enforcement officer, [the petitioner] was driving under the influence of an intoxicant when she pulled him over. She smelled alcohol on [the petitioner's] person, [his] eyes were bloodshot, and a twenty-four ounce cold can of beer was found in the front floorboard of [his] vehicle. Deputy Bradley stated that the pursuit covered five or six miles, and that she was put in fear when [the petitioner] drove straight toward her patrol car. On cross-examination, she acknowledged that [the petitioner] was driving between twenty and twenty-five miles per hour when he drove toward[] her.

[The petitioner] testified on his own behalf. [He] testified that he believed that Deputy Bradley had told him "he was free to go" before he drove off. [The petitioner] acknowledged that he ran from his vehicle after the flat tire. He stated that he jumped a fence, and then noticed that his "leg [was] hanging on by a piece of string." [He] said he heard a gunshot and maintained that Deputy Bradley shot him in the leg. [He] said that he did not remember Deputy Bradley reading him an implied consent form. It is noteworthy that [the petitioner] did not testify to any facts specifically related to the charge of felony reckless endangerment.

-3-

Deputy Bradley was recalled as a rebuttal witness. She identified a photograph of [the petitioner]'s injury which was taken before the arrival of the ambulance by one of the investigating officers. The photograph depicted a bone protruding from the left side of [the petitioner's] foot, but no gunshot wounds. Deputy Bradley said that she did not have her gun drawn during the incident and did not discharge her weapon.

*State v. Dennis Jarrett*, No. W2005-02977-CCA-R3-CD (Tenn. Crim. App. at Jackson, Apr. 11, 2007). The petitioner was convicted of driving after being declared a habitual motor vehicle offender, felony reckless endangerment, felony evading arrest, possession of drug paraphernalia, violation of the implied consent law, and failure to appeal. The convictions were affirmed on direct appeal.

Subsequently, the petitioner filed timely petitions for post-conviction relief in both cases and asserted, among other issues, that he was denied his right to the effective assistance of counsel. After appointing counsel, the post-conviction court conducted a consolidated hearing on both petitions at which trial counsel and the petitioner testified. Trial counsel testified that in Case No. 07-351, while the petitioner was being evaluated at Western Mental Health Institute, he took over representation of the petitioner and obtained discovery on behalf of the petitioner. He testified that he met with the petitioner once prior trial and again during court. He recalled that the trooper in the case had received a tip from the petitioner's former bondsman that the petitioner was driving the car in which he was apprehended. The defense challenged the basis for the trooper's stop in a motion to dismiss, which was denied by the trial court. The issue was later raised on appeal.

The petitioner also testified that the State filed a notice of enhanced punishment listing the petitioner's numerous DUI convictions. Based upon the finding of three enhancement factors, the trial court ordered that the sentences run consecutively. Trial counsel said that he discussed the consecutive sentencing issue with his colleagues and believed that the court was justified in ordering the consecutive sentencing so the issue was not raised on appeal.

With regard to Case No. 07-385, trial counsel testified that this case, which followed Case No. 07-351, afforded more of a defense than the first one. Trial counsel testified that he met with the petitioner once prior to this trial. With regard to the reckless endangerment conviction, trial counsel pursued a defense that the petitioner's speed was not sufficient to put anyone in danger. Moreover, the petitioner also testified in this case and stated that he believed he was free to leave the scene.

With regard to Case No. 07-351, the petitioner testified at the post-conviction hearing and acknowledged that he was driving without a license. He also stated that trial counsel met with him only once prior to trial and informed him that nothing could be done to challenge the officer's stop of his vehicle. Despite this, the petitioner testified that he believed his Fourth Amendment rights had been violated and that the trial court's admission of testimony regarding the petitioner's nine prior DUI convictions unduly prejudiced the jury. He asserted at the post-conviction hearing that

a mistrial should have been granted. With regard to Case No. 07-385, the petitioner testified that he believed the admission of his hearsay statements to the treating doctor at the emergency room was confidential hearsay and was admitted in violation of his Sixth Amendment right to a fair trial.

After hearing the evidence presented, the post-conviction court denied relief in both cases, and timely notice of appeal was filed.

**Analysis**

On appeal, the petitioner raises the single issue of ineffective assistance of counsel. He challenges trial counsel's performance in both of his cases. To succeed on a challenge of ineffective assistance of counsel, the petitioner bears the burden of establishing the allegations set forth in his petition by clear and convincing evidence. T.C.A. § 40-30-110(f) (2006). The petitioner must demonstrate that counsel's representation fell below the range of competence demanded of attorneys in criminal cases. *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). Under *Strickland v. Washington*, 466 U.S. 668, 687 (1984), the petitioner must establish (1) deficient performance and (2) prejudice resulting from the deficiency. The petitioner is not entitled to the benefit of hindsight, may not second-guess a reasonably-based trial strategy, and cannot criticize a sound, but unsuccessful, tactical decision made during the course of the proceedings. *Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994). This deference to the tactical decisions of trial counsel is dependent upon a showing that the decisions were made after adequate preparation. *Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

It is unnecessary for a court to address deficiency and prejudice in any particular order or even to address both if the petitioner makes an insufficient showing on either. *Strickland*, 466 U.S. at 697, 104 S. Ct. at 2069. In order to establish prejudice, the petitioner must establish a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *State v. Burns*, 6 S.W.3d 453, 463 (Tenn. 1999) (quoting *Strickland*, 466 U.S. at 694).

The issues of deficient performance by counsel and possible prejudice to the defense are mixed questions of law and fact. *Id.* at 461. "[A] trial court's *findings of fact* underlying a claim of ineffective assistance of counsel are reviewed on appeal under a *de novo* standard, accompanied with a presumption that those findings are correct unless the preponderance of the evidence is otherwise." *Fields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001) (citing Tenn. R. App. P. 13(d); *Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997)). However, *conclusions of law* are reviewed under a purely *de novo* standard with no presumption that the post-conviction court's findings are correct. *Id.*

## I. Case No. C07-351

In regard to this case, the petitioner asserts that trial counsel was ineffective in that he "failed to properly challenge the trooper's inability to show that the traffic stop was based upon reasonable suspicion." According to the petitioner, trial counsel never attempted to move for dismissal of the

charges based upon the illegal investigative stop of his vehicle. He asserts that no reasonable suspicion supported the stop as the identity of the "tipster" who reported that the petitioner was a habitual motor vehicle driving on the public roadways of the state was not known to the trooper. He further asserts that no independent specific and articulable facts which would have justified the stop were established as the trooper did not witness the petitioner committing any illegal acts.

In denying relief on this issue, the post-conviction court found as follows:

> In [this] case the petitioner complains that counsel should have filed a motion to suppress or dismiss the indictment because the State Trooper who stopped him did so after receiving a tip from the petitioner's bondsman who related to the Trooper that the petitioner was driving on a revoked license. The petitioner contends that the trooper did not have reasonable suspicion to make this stop and therefore the stop was unlawful. The petitioner admits that he was driving and [that] he has been declared a habitual motor vehicle offender. The Court did deny a motion to dismiss that was filed just before the trial. The Court finds that as to this issue that the information received by the Trooper was probably from a very reliable source that being the petitioner's bondsman who would have knowledge and had knowledge of his license status so even if the issue were raised it would in all likelihood not be successful. Further the fact that the Trooper witnessed the [petitioner] driving prior to the stop would not be suppressed and the petitioner admits the fact that he was a habitual motor vehicle offender so the evidence would still be the same even if the motion were raised. The [petitioner] admits to being the driver and that he is a habitual motor vehicle offender there really [is not] much of defense and nothing counsel could do except go to trial or work out a guilty plea but there really is no defense.

Review of the record reveals nothing to preponderate against the post-conviction court's findings. The petitioner complains that trial counsel was deficient for failing to file a motion to dismiss, but trial counsel stated that a motion was filed in the case. Moreover, the post-conviction court specifically stated that a motion to dismiss was filed and denied prior to trial. Thus, the record does not support the petitioner's contention that trial counsel was deficient in this regard. In his argument, the petitioner contends that the record does not support that a motion was timely filed in the case. However, because he has failed to include the trial record for our review, he has failed to establish that counsel failed to challenge the stop. It is the petitioner who bears the burden of preparing an adequate record on appeal, *State v. Ballard*, 855 S.W.2d 557, 560 (Tenn. 1993), which includes the duty to "have prepared a transcript of such part of the evidence or proceedings as is necessary to convey a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal." Tenn. R. App. P. 24(b). Moreover, the petitioner has failed to establish the prejudice prong as well, as the post-conviction court stated that such a motion was not meritorious. If the petitioner fails to file an adequate record, this court must presume that the post-conviction court's ruling was correct. *See State v. Richardson*, 875 S.W.2d 671, 674 (Tenn. Crim. App. 1993). Thus, the petitioner is not entitled to relief on this issue.

**II. Case No. 07-385**

In this case, the petitioner asserts that trial counsel was ineffective for: (1) failing to object to inadmissable hearsay evidence elicited from Deputy Bradley in violation of his right to both a fair trial and to *Miranda* warnings; and (2) failing to object to the judge's application of certain enhancement factors in violation of his right to trial by jury. He further contends that the cumulative effect of these errors deprived him of his right to the effective assistance of counsel.

### a. Hearsay Testimony

The petitioner, in framing his issue, has asserted that trial counsel was ineffective for failing to "object to inadmissable hearsay evidence elicited from Deputy Bradley by the State, in violation of [his] Sixth Amendment right to a fair trial and in violation of [his] Fifth Amendment rights to Miranda Warnings." His entire argument, however, is based solely upon the fact that the statement was taken without the benefit of *Miranda* warning. As noted by the State, the petitioner is asserting this *Miranda* violation for the first time on appeal. In his petition and at the hearing, the petitioner relied solely upon the argument that trial counsel failed to challenge admission of the statements as inadmissible hearsay. We may not review an issue raised for the first time on appeal. When a petitioner fails to raise a ground for relief before a court of competent jurisdiction, he risks waiver of the claim. *See* T.C.A. § 40-30-106(g) (2008). Thus, we review the petitioner's issue only in the context that trial counsel was ineffective for failing to object to the statements as inadmissible hearsay.

Review of the record reveals that claim to be without merit, as found by the post-conviction court. The statements were made to a treating physician for the purpose of medical diagnosis and treatment; thus, they are specifically excluded from the hearsay rule. *See* Tenn. R. Evid. 803. The petitioner has asserted no factual basis in dispute of this. As such, the petitioner has failed to establish that the objection, if lodged by trial counsel, would have been successful. Thus, he has failed to establish either deficient performance or prejudice and is not entitled to relief.

### b. Sentencing Enhancement

Next, the petitioner asserts that trial counsel was ineffective in that he failed to object to the trial court's application of certain enhancement factors which were not found by the jury in violation of his Sixth Amendment right to a trial by jury. However, the petitioner has failed to include a transcript of the sentencing hearing within the appellate record. As such, we are precluded from review as it is unclear what factors were relied upon by the trial court. The petitioner acknowledges that the trial court relied upon prior criminal history, which does not run afoul of Sixth Amendment guarantees even if not found by a jury. *State v. Carter*, 254 S.W.3d 335 (Tenn. 2008). It is the petitioner's duty to prepare an adequate record for review before this court or risk waiver. Tenn. R. App. P. 24(b). The only testimony given at the post-conviction hearing was from trial counsel in which he stated that the trial court had used certain enhancement factors, specifically the petitioner's prior convictions, in determining that consecutive sentencing was appropriate. Trial counsel further

stated that, based upon the facts, he also believed that consecutive sentencing was appropriate. Thus, nothing in the record preponderates against the post-conviction court's finding that no deficiency or prejudice was established. The petitioner is not entitled to relief.

### c. Cumulative Effect

Finally, the petitioner contends that he is entitled to post-conviction relief based upon the cumulative effect of resulting errors. However, as concluded *supra*, no error was established on the record before us. Thus, the petitioner is entitled to no relief.

### CONCLUSION

Based upon the foregoing, the judgment of the post-conviction court is affirmed.

_____
JOHN EVERETT WILLIAMS, JUDGE