# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs May 18, 2011

## STATE OF TENNESSEE v. ANTONIO F. BAKER

**Appeal from the Criminal Court for Davidson County**
**No. 2005-A-414     Steve Dozier, Judge**

---

**No. M2010-00695-CCA-R3-CD - Filed June 6, 2011**

---

The defendant, Antonio F. Baker, appeals from the trial court's denial of his request to modify his sentence via Rule 35 of the Tennessee Rules of Criminal Procedure. Discerning no error, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the Court, in which THOMAS T. WOODALL and J.C. MCLIN, JJ., joined.

William E. Griffith (on appeal), and Lonnie Maze (at trial), Nashville, Tennessee, for the appellant, Antonio F. Baker.

Robert E. Cooper, Jr., Attorney General and Reporter; Nicholas W. Spangler, Assistant Attorney General; Victor S. Johnson III, District Attorney General; and Wesley King, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

In January 2005, the Davidson County grand jury charged the defendant with one count of possession with intent to deliver .5 grams or more of cocaine, tampering with evidence, and simple possession of methylenedioxymethamphetamine. Pursuant to a plea agreement with the State, the defendant pleaded guilty to possession with intent to sell or deliver .5 grams or more of cocaine, and the State dismissed the remaining charges. The defendant received an agreed sentence of 10 years, and the trial court ordered the sentence to be served in a community corrections program.

On July 16, 2009, a violation warrant issued alleging that the defendant had

violated the terms of his release by garnering new arrests for the sale of cocaine and possession of a gambling device, by failing to report as required, and by failing to maintain full-time employment. On November 24, 2009, the trial court revoked the defendant's community corrections sentence, and, following a new sentencing hearing, resentenced the defendant to 12 years' incarceration.

On February 17, 2010, the defendant filed a motion pursuant to Rule 35 of the Tennessee Rules of Criminal Procedure seeking to have his sentence modified to the original 10 years and to be returned to community corrections. In his motion, the defendant asserted that "the primary basis of the violation was the defendant's new arrest on a felony drug charge" and that "the defendant's new case . . . was retired" after his co-defendant "admitted that [the defendant] was not involved in the felony drug sale."

At the March 3, 2010 hearing on the Rule 35 motion, neither party offered evidence and instead relied upon the trial court's recollection of the previous proceedings and the arguments of counsel. Defense counsel argued that "a big part" of the trial court's decision to revoke the defendant's community corrections sentence and increase the original term from 10 to 12 years "was that he picked up a new felony drug charge." Counsel stated that the felony charge, which was pending at the time of the revocation, "was retired by the State" sometime after the revocation when "the co-defendant made admissions that [the defendant] wasn't involved in this drug sale." The prosecutor stated that he was unaware of the proceedings on the other felony charge, and he noted that the charge was "still active and pending." At the conclusion of the hearing, the trial court agreed that the retirement of the felony drug case was "a change" but stated that "it doesn't alter the fact . . . that he violated his community corrections" and that "that was his 5th violation." The court also noted that it had taken into account "the fact that he had four prior felonies all drug related." The court agreed to modify the sentence back to the original 10 years "[b]ased on the resolution of the pending case at that time" but denied the defendant's request to be returned to community corrections.

In this appeal, the defendant challenges the trial court's denial of his request to be returned to community corrections. The State asserts, and we agree, that the defendant has waived our consideration of the issue by failing to prepare an adequate record on appeal.

During the hearing on the Rule 35 motion, both the State and the defendant made repeated references to evidence adduced at the revocation hearing. In addition, the defendant made references to evidence adduced in another proceeding conducted before a different trial judge and even to developments in the defendant's case that occurred outside the confines of the courtroom, stating that the co-defendant had submitted an affidavit to a different prosecutor proclaiming the defendant's innocence of the new felony charge. The

-2-

trial court accepted the defendant's recitation of the new developments, but the trial judge relied upon his own recollection of the earlier revocation hearing to conclude that a return to community corrections was not appropriate.

The appellant bears the burden of preparing an adequate record on appeal, *see State v. Ballard*, 855 S.W.2d 557, 560 (Tenn. 1993), which includes the duty to "have prepared a transcript of such part of the evidence or proceedings as is necessary to convey a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal," Tenn. R. App. P. 24(b). If the appellant fails to file an adequate record, this court must presume the trial court's ruling was correct. *See State v. Richardson*, 875 S.W.2d 671, 674 (Tenn. Crim. App. 1993). The defendant failed to include in the appellate record the transcript of the revocation hearing, any transcript related to the "new felony charge," or any affidavit submitted in relation to that charge. In the absence of these most basic facts, appellate review of the defendant's claim is impossible, and we must presume that the trial court's ruling was correct.

Accordingly, the judgment of the trial court is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE