IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs June 4, 2013

**MIKEL C. HAMRICK v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Shelby County**
**No. 08-05862    James Lammey, Judge**

---

**No. W2012-02352-CCA-R3-CD  - Filed June 13, 2013**

---

The defendant, Mikel C. Hamrick, appeals from the Shelby County Criminal Court's denial of his petition for reinstatement of his probationary sentence. Because the trial court correctly concluded that it lacked jurisdiction to reinstate the defendant's probation, we affirm.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the Court, in which THOMAS T. WOODALL and JEFFREY S. BIVINS, JJ., joined.

Mikel C. Hamrick, Henning, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; Sophia S. Lee, Assistant Attorney General; William L. Gibbons, District Attorney General; and Glen Baity, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The record in this case is pitifully scant. We glean from the exiguous information in the record that the defendant was charged in case number 08-05862 with aggravated assault and aggravated kidnapping and in case number 10-00991 with three counts of burglary, two counts of theft of property valued at $500 or less, domestic assault, and especially aggravated stalking. Plea documents establish that the defendant entered pleas of guilty of aggravated assault and false imprisonment in case number 08-05862 in June 2009 in exchange for a total effective sentence of six years' probation. The single judgment included in the record, that for the conviction of false imprisonment in case number 08-05862, contains a notation that the trial court revoked the defendant's probation on May 24,

2010, and that the sentence imposed for case number 08-05862 is to be served consecutively to the sentence imposed in case number I09-00030. Although this judgment reflects that the defendant is to serve his 30-day false imprisonment sentence in the workhouse, it also contains the notation "time served" in that portion of the judgment.

At some point, the defendant was incarcerated and transferred to the Department of Correction ("TDOC"). According to the defendant's pleading styled "Petition for Entry of Final Order/Judgment on the Petition for Reinstatement of Probation," the defendant petitioned the court on March 26, 2012, to reinstate his sentence of probation in case number 08-05862. The defendant claimed that he did "not technically receive[] a sentence" in TDOC but was mistakenly "up and transferred to the T.D.O.C. without any authority from the court," thus giving the trial court continuing jurisdiction over his case pursuant to Tennessee Code Annotated sections 40-35-212 and 40-35-314.

On September 28, 2012, the trial court entered an order denying the petition for reinstatement of probation, concluding that the petition "should be dismissed for this [c]ourt's lack of jurisdiction." The court determined that the judgments became final 30 days after entry and that, although it retained jurisdiction over the defendant's case while he was incarcerated in the workhouse, it lost that jurisdiction when the defendant was transferred to TDOC.

Initially, we observe that as an appeal from the denial of probation, this court has jurisdiction of the case. *See* Tenn. R. App. P. 3(b) ("The defendant may also appeal as of right from an order denying or revoking probation . . . .").

That being said, the appellant bears the burden of preparing an adequate record on appeal. *See State v. Ballard*, 855 S.W.2d 557, 560 (Tenn. 1993). If the appellant fails to file an adequate record, this court must presume the trial court's ruling was correct. *See State v. Richardson*, 875 S.W.2d 671, 674 (Tenn. Crim. App. 1993). In this case, the defendant failed to include in the record the judgment form for his conviction of aggravated assault or the order revoking his probation and ordering him to serve his sentence in confinement. Indeed, it is impossible for this court to determine from the information included in the woefully inadequate record the precise basis for the defendant's current incarceration. The record does not indicate the length of the sentence imposed in case number I09-00030, consecutively to which the sentence imposed in case number 08-05862 was to be served. No information indicates what convictions and sentences resulted from the indictment in case number 10-00991 or the alignment of any resulting sentences to that imposed in case number 08-05862. We cannot discern when the defendant was transferred to TDOC and, as a result, whether the petition for reinstatement of probation was filed before or after the transfer. In the absence of these most basic facts, appellate review of the defendant's claim is impossible,

and we must presume that the trial court's ruling was correct.

Accordingly, the order of the trial court dismissing the petition for reinstatement of probation is affirmed.


_____

JAMES CURWOOD WITT, JR., JUDGE