IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs November 3, 2015

**STATE OF TENNESSEE v. JOE TRAVIS NORTHERN**

**Appeal from the Criminal Court for Madison County**
**No. 13-405     Roy B. Morgan, Judge**

---

**No. W2015-01364-CCA-R3-CD  -  Filed January 8, 2016**

---

The defendant, Joe Travis Northern, appeals the dismissal of his motion, filed pursuant to Tennessee Rule of Criminal Procedure 36.1, to correct what he believes to be an illegal sentence. Because the defendant has failed to prepare an adequate record for review, we affirm.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which ALAN E. GLENN and TIMOTHY L. EASTER, JJ., joined.

Joseph T. Howell, Jackson, Tennessee, for the defendant, Joe Travis Northern.

Herbert H. Slatery III, Attorney General and Reporter; David H. Findley, Assistant Attorney General; James G. Woodall, District Attorney General; and Al Earls, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

A Madison County Criminal Court jury convicted the defendant of possession of more than one-half ounce of marijuana with the intent to sell or deliver, possession of a firearm during the commission of a dangerous felony with a prior felony, possession of a firearm by a convicted felon, tampering with evidence, and possession of drug paraphernalia. *State v. Joe Travis Northern*, No. W2013-02757-CCA-R3-CD, slip op. at 1 (Tenn. Crim. App., Jackson, Dec. 3, 2014), *perm. app. denied* (Tenn. Apr. 13, 2015). The trial court imposed a total effective Range II sentence of 18 years' incarceration. *See id.* This court affirmed the convictions and total effective sentence on direct appeal. *See id.*

On May 19, 2015, the defendant filed a motion pursuant to Rule 36.1 challenging the seven-year sentence imposed for his conviction of possession of a firearm during the conviction of a dangerous felony.  Specifically, he claimed that because he had not previously been convicted of one of the dangerous felonies enumerated in Code section 39-17-1324(i), he should have been sentenced under the terms of Code section 39-17-1324(g)(1), *see* T.C.A. § 39-17-1324(g)(1) ("A violation of subsection (a) is a Class D felony, punishable by a mandatory minimum three-year sentence to the department of correction."), instead of Code section 39-17-1324(g)(2), *see id.* § 39-17-1324(g)(2) ("A violation of subsection (a) is a Class D felony, punishable by a mandatory minimum five-year sentence to the department of correction, if the defendant, at the time of the offense, had a prior felony conviction.").  He argued that the sentence imposed by the trial court, seven years to be served at 100 percent, was illegal because the trial court should have required 100 percent service of only three years of the seven-year sentence. *Cf. id.* § 39-17-1324(j) (applicable only to those "convicted under this section who ha[ve] a *prior* conviction under this section," this is the only provision requiring service of "one hundred percent (100%) of the sentence imposed").

Following receipt of the State's response to the defendant's motion, the trial court appointed counsel and held a hearing on the defendant's motion.  No transcript of that hearing appears in the record on appeal.  On July 22, 2015, the trial court entered a corrected judgment form for the defendant's conviction of possession of a firearm by a convicted felon, which judgment form reflects a sentence of two years in place of the previously-imposed seven-year sentence for that conviction.  On that same day, the trial court entered an order dismissing the defendant's Rule 36.1 motion, finding that the seven-year sentence imposed for the defendant's Class D felony conviction of possession of a firearm during the commission of a dangerous felony after having been convicted of a dangerous felony was not illegal.

In this timely appeal, the defendant challenges the dismissal of his Rule 36.1 motion, reiterating the argument from his motion regarding the legality of his seven-year sentence for a violation of Code section 39-17-1324(a).  As the State correctly points out, the defendant failed to include the transcript of the hearing on his motion in the record on appeal.  The appellant bears the burden of preparing an adequate record on appeal, *see State v. Ballard*, 855 S.W.2d 557, 560 (Tenn. 1993), which includes the duty to "have prepared a transcript of such part of the evidence or proceedings as is necessary to convey a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal," *see* Tenn. R. App. P. 24(b).  If the appellant fails to file an adequate record, this court must presume the trial court's ruling was correct. *See State v. Richardson*, 875 S.W.2d 671, 674 (Tenn. Crim. App. 1993).  Because the defendant failed to include the transcript of the hearing on his Rule 36.1 motion in the

appellate record, we must presume that the ruling of the trial court relative to his motion was correct.

Accordingly, the judgment of the trial court is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE