IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs October 10, 2017

## STATE OF TENNESSEE v. DACEY PACK

**Appeal from the Criminal Court for Morgan County**
**No. 9365     Jeffrey H. Wicks, Judge**

_____

### No. E2017-00287-CCA-R3-CD

_____

In this delayed appeal, the defendant, Dacey Pack, contends that the trial court erred by denying his request for judicial diversion based on his 2008 Morgan County Criminal Court guilty-pleaded conviction of statutory rape.  Because the defendant has failed to prepare an adequate record for our review, we must presume that the trial court's ruling was correct.  We therefore affirm the trial court's denial of judicial diversion.

### Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN and ROBERT L. HOLLOWAY, JR., JJ., joined.

J. Patrick Henry, Kingston, Tennessee, for the appellant, Dacey Pack.

Herbert H. Slatery III, Attorney General and Reporter; Caitlin Smith, Assistant Attorney General; Russell Johnson, District Attorney General; and Allyson Kennedy, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

In September 2007, the Morgan County Grand Jury charged the petitioner with two counts of statutory rape and one count of felony reckless endangerment.  On June 19, 2008, the petitioner pleaded guilty to a single count of statutory rape, with the length and manner of service of the sentence to be determined by the trial court[1] following a sentencing hearing.  The trial court also ordered the petitioner to undergo a psychosexual evaluation prior to sentencing.  No transcript of the sentencing hearing appears in the record.

_____

[1]     Judge E. Eugene Eblen was both the original trial court judge and post-conviction court judge in this matter.  Judge Wicks presided over the defendant's brief January 23, 2017 hearing and entered the order granting the defendant's delayed appeal on that same date.

On October 23, 2008, the trial court dismissed the charge of felony reckless endangerment and one count of statutory rape. With respect to the other count of statutory rape, the trial court entered a judgment reflecting the defendant's plea of guilty and sentencing the defendant to one year, suspended to probation.

On September 8, 2009, the trial court granted the defendant's motion to seek a late-filed notice of appeal, and the defendant filed his notice of appeal in the trial court on that same date. On December 2, 2009, this court entered a written order declining to waive the timely-filing requirement, finding that the defendant's probationary period had apparently expired and that the record did not reflect any additional circumstances under which an appeal from a guilty plea might lie, and this court dismissed the appeal.

On May 24, 2010, the defendant filed, pro se, a timely petition for post-conviction relief, alleging that trial counsel had been ineffective by failing to appeal the defendant's denial of judicial diversion and seeking a delayed appeal of that denial. Attached to his petition was the affidavit of his trial counsel, in which trial counsel averred that the trial court had denied the defendant's bid for judicial diversion at his September 22, 2008 sentencing hearing and that, as a result of a miscommunication between the defendant and trial counsel, counsel failed to timely file a notice of appeal. Following the appointment of counsel and the amendment of the petition, the post-conviction court entered a succinct order on January 23, 2017, granting the defendant "leave to appeal the trial court's denial of judicial diversion in this case."

In this appeal, the petitioner contends only that the trial court erred by denying his bid for judicial diversion.

In his brief before this court, the defendant makes several references to the sentencing hearing in the instant case, complete with citations to the volume and page number. The defendant, however, failed to include a copy of the sentencing hearing transcript in the record before us. The only transcript that appears in the record is the three-page transcript of the January 23, 2017 proceedings in which the post-conviction court permitted the defendant to seek a delayed appeal of his denial of judicial diversion. The appellant bears the burden of preparing an adequate record on appeal, *see State v. Ballard*, 855 S.W.2d 557, 560 (Tenn. 1993), which includes the duty to "have prepared a transcript of such part of the evidence or proceedings as is necessary to convey a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal," Tenn. R. App. P. 24(b). If the appellant fails to prepare an adequate record, this court must presume the trial court's ruling was correct. *See State v. Richardson*, 875 S.W.2d 671, 674 (Tenn. Crim. App. 1993).

Because the defendant failed to include in the record his sentencing hearing transcript, we are constrained to conclude that the trial court's denial of judicial diversion was correct. Accordingly, we affirm the judgment of the trial court.

_____
JAMES CURWOOD WITT, JR., JUDGE