IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs May 4, 2010

## TONY SCOTT WALKER v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Gibson County**
**No. 15248    Allen W. Wallace, Senior Judge**

**No. W2009-00988-CCA-R3-CO  - Filed May 14, 2010**

The *pro se* petitioner, Tony Scott Walker, appeals the dismissal of his petition for writ of error coram nobis, arguing that due process considerations should toll the statute of limitations and that he is entitled to error coram nobis relief on the basis of his discovery that one of the State's witnesses may have fabricated or falsified evidence at his trial. Following our review, we affirm the dismissal of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the Court, in which J.C. MCLIN and D. KELLY THOMAS, JR., JJ., joined.

Tony Scott Walker, Henning, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Matthew Bryant Haskell, Assistant Attorney General; Garry G. Brown, District Attorney General; and Stephanie J. Hale, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### FACTS

The petitioner was convicted of first degree felony murder for the 1995 killing of a Milan grocery store owner during the perpetration of a robbery and was sentenced to life imprisonment. This court affirmed his conviction on appeal, and our supreme court denied his application for permission to appeal. See State v. Tony Scott Walker, No. 02C01-9704-CC-00147, 1997 WL 746433, at *1 (Tenn. Crim. App. Dec. 3, 1997), perm. to appeal denied (Tenn. Sept. 21, 1998).

Our direct appeal opinion reveals that the petitioner, who was hospitalized for gunshot wounds on the day of the crime, gave an initial statement to police in which he claimed he was shot after walking into the middle of a robbery at the victim's store. Id. After being transferred to another hospital, the petitioner changed his story, admitting that he had shot the victim following a dispute over the amount of change he was owed. Id. According to the petitioner, he left the store, armed himself with a hammer, returned, and confronted the victim. Id. He said that the victim retrieved his .38 pistol and fired two shots, striking him in the hip and the thigh, and that he responded by striking the victim in the back of the head with the hammer, wrestling the gun from him, firing one shot into the back of the victim's head, picking up a wallet from the floor, and fleeing the scene. Id.

The petitioner subsequently filed a petition for post-conviction relief in which he alleged that his statement to law enforcement officials was involuntary and that he was denied the effective assistance of trial counsel. This court affirmed the post-conviction court's denial of the petition, and our supreme court once again denied the petitioner's application for permission to appeal. See Tony S. Walker v. State, No. W2001-02921-CCA-R3-PC, 2003 WL 721706, at *1 (Tenn. Crim. App. Feb. 28, 2003), perm. to appeal denied (Tenn. May 27, 2003). In rejecting the petitioner's claim regarding the admission of his statement to police, this court noted that the petitioner's trial testimony echoed his statement and that there were other "damning facts" in support of the petitioner's conviction. Accordingly, we concluded that the petitioner had "failed to establish that he was prejudiced by the jury's hearing his statement." Id. at *8.

On May 10, 2004, the petitioner filed a *pro se* petition for writ of error coram nobis, alleging that he had newly discovered evidence that "demonstrates that one of the State's key witnesses may have testified falsely at [his] trial, falsified and fabricated evidence." Specifically, he asserted that recently disclosed evidence of the dishonest nature of the police officer who took his statement cast doubt on the officer's credibility and supported the petitioner's long-standing contention that the officer had coerced his statement. In support, the petitioner quoted excerpts from an August 2003 newspaper account stating that former Milan Police Lieutenant Jerry Hartsfield, who was indicted on October 7, 2002, on charges of fabricating evidence and official misconduct for his actions in a vehicle theft case, entered into a pretrial diversion agreement on August 25, 2003. Following the appointment of counsel, the petitioner filed an amended petition on November 6, 2008, in which he conceded that he could not prove that Hartsfield lied at his trial but contended that he "deserve[d] the opportunity for jurors to hear about the officer's questionable actions in other matters, which goes directly to his credibility in the case at bar."

The State responded with a November 14, 2008, motion to dismiss, arguing that the petition was time-barred and that the evidence would not have changed the outcome of the trial.

On April 7, 2009, the trial court entered an order dismissing the petition, finding, *inter alia*, that the petition was untimely and should be dismissed; that the petitioner's testimony at the February 17, 2009, hearing[1] that he had no recollection of his statement and that his trial counsel "told him what to say on the witness stand" was not credible; and that the petitioner had failed to prove the existence of any newly discovered evidence that would warrant the granting of a writ of error coram nobis.

## ANALYSIS

On appeal, the petitioner contends that due process considerations should toll the statute of limitations because his "interest in mounting a constitutional attack upon his conviction and incarceration obviously outweighs the state's interest in preventing stale and groundless claims." He further contends that evidence of Hartsfield's dishonesty and fabrication of evidence would have resulted in a different judgment in his case because, had the evidence been available, his confession would not have been admitted at trial. The State responds by arguing that the trial court properly denied the petition on the basis that it was filed outside the applicable statute of limitations and did not present any grounds that would entitle the petitioner to error coram nobis relief. We agree with the State.

A writ of error coram nobis is an extraordinary remedy by which the court may provide relief from a judgment under only narrow and limited circumstances. State v. Mixon, 983 S.W.2d 661, 666 (Tenn. 1999). Tennessee Code Annotated section 40-26-105 provides this remedy to criminal defendants:

> Upon a showing by the defendant that the defendant was without fault in failing to present certain evidence at the proper time, a writ of error coram nobis will lie for subsequently or newly discovered evidence relating to matters which were litigated at the trial if the judge determines that such evidence may have resulted in a different judgment, had it been presented at the trial. The issue shall be tried by the court without the intervention of a jury, and if the decision be in favor of the petitioner, the judgment complained of shall be set aside and the defendant shall be granted a new trial in that cause.

Tenn. Code Ann. § 40-26-105(b), (c) (2006).

Our supreme court explained in State v. Vasques, 221 S.W.3d 514 (Tenn. 2007), that the trial judge in a coram nobis proceeding must (1) "consider the newly discovered evidence

---

[1] The petitioner did not include the transcript of the error coram nobis hearing in the record before this court.

and be 'reasonably well satisfied' with its veracity," (2) determine if the defendant is "'without fault' in the sense that the exercise of reasonable diligence would not have led to a timely discovery of the new information," and (3) "consider both the evidence at trial and that offered at the coram nobis proceeding in order to determine whether the new evidence *may have* led to a different result." Id. at 527.

The decision to grant or deny a petition for writ of error coram nobis based on newly discovered evidence lies within the sound discretion of the trial court. See Mixon, 983 S.W.2d at 666; State v. Hart, 911 S.W.2d 371, 375 (Tenn. Crim. App. 1995). We review this issue, therefore, under an abuse of discretion standard.

We find no abuse of discretion in the trial court's dismissal of the petition on the basis that it was not only untimely but also failed to state a cognizable claim for error coram nobis relief. The statute of limitations for filing a petition for writ of error coram nobis is one year from the date the judgment becomes final in the trial court. See Tenn. Code Ann. §§ 40-26-105, 27-7-103; Mixon, 983 S.W.2d at 667. For purposes of coram nobis relief, a judgment becomes final thirty days after the entry of the judgment in the trial court if no post-trial motion is filed, or upon entry of an order disposing of a timely filed post-trial motion. Freshwater v. State, 160 S.W.3d 548, 553 (Tenn. Crim. App. 2004). Thus, the time limit had already expired by the time the petitioner filed his petition. As we have set out, the record on appeal does not include a transcript of the hearing on the coram nobis petition. Accordingly, this court cannot assess what explanations or proof the petitioner may have presented to explain the apparent untimeliness of his petition. Thus, we must assume that the coram nobis court correctly determined that the petition was untimely. See State v. Richardson, 875 S.W.2d 671, 674 (Tenn. Crim. App. 1993). As we summarized in the post-conviction opinion, the proof against the petitioner was substantial:

> The real difficulty in defending this case was not the statement, but the damning facts, that the petitioner initially said that he had walked into the store as the victim was being robbed, but later claimed self-defense; that while the petitioner was shot in the right front thigh and right hip, both wounds at a distance greater than contact but less than twenty-four inches, the victim was shot in the back of the head from a distance greater than contact but less than six inches; that the victim's wallet containing $330 in cash was found in a ditch behind the petitioner's house; and the petitioner had in his pocket at the time of his arrest $201, which was approximately $70 more than the paycheck he had just received.

Tony S. Walker, 2003 WL 721706, at *8. We conclude, therefore, that the trial court properly dismissed the petition for writ of error coram nobis.

## CONCLUSION

Based on the foregoing authorities and reasoning, we affirm the dismissal of the petition for writ of error coram nobis.

_____

ALAN E. GLENN, JUDGE