# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs May 18, 2011

## STATE OF TENNESSEE v. LAWRENCE E. RALPH

**Appeal from the Circuit Court for Warren County**
**No. M-11889      Larry B. Stanley, Judge**

**No. M2009-02617-CCA-R3-CD - Filed May 26, 2011**

A Warren County Circuit Court jury convicted the defendant, Lawrence E. Ralph, of violation of the seatbelt law, *see* T.C.A. § 55-9-603, and operating a vehicle in violation of restrictive condition #01 (driving without corrective lenses), *see* id. § 55-50-331.  The trial court imposed concurrent sentences of 30 days and 11 months and 29 days, respectively, suspended to intensive probation following the service of 120 days in jail.  Additionally, the trial court imposed fines totaling $1,010 and ordered the defendant to perform 40 hours of community service as a condition of his probation.  The defendant appeals pro se, making various arguments concerning the propriety of his trial in circuit court and the trial court's sentencing.  Because the defendant filed his notice of appeal prior to his motion for new trial and failed to prepare an adequate record on appeal, we determine that his issues are waived and affirm the judgments of the trial court.

**Tenn. R. App. P. 3; Judgments of the Circuit Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the Court, in which THOMAS T. WOODALL and J.C. MCLIN, JJ., joined.

Lawrence E. Ralph, Spencer, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; Nicholas W. Spangler, Assistant Attorney General; Lisa S. Zavogiannis, District Attorney General; and William M. Locke, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The record in this case reflects that the defendant was charged on October 22, 2008, via a Tennessee Highway Patrol citation with violation of the seatbelt law and driving without corrective lenses.  On January 9, 2009, a Warren County grand jury indicted the

defendant on the same. The defendant elected to proceed pro se and pleaded "not guilty" at his arraignment on February 3, 2009. Other than a motion for discovery, the record contains no pleadings filed by the defendant of particular significance to this trial. The record is replete, however, with copies of random filings made by the defendant and others in federal court.

On November 20, 2009, the defendant filed an affidavit, the substance of which seems to be an attack on the jurisdiction of the trial court and his attestation that he was not driving a vehicle on the date of his arrest. The record also contains an unsigned waiver filed that same date, with a notation by the court clerk that the defendant elected to testify at trial but refused to sign the waiver. On November 20, 2009, a jury convicted the defendant as indicted. The trial court immediately sentenced the defendant and granted an $8,000 appeal bond on that date.

On December 9, 2009, the trial court entered judgments. On December 10, 2009, the defendant filed a notice of appeal. On December 11, 2009, the defendant filed a motion for new trial contesting the sufficiency of the evidence, sufficiency of his indictment, and propriety of sentence. The trial court overruled the motion for new trial on January 21, 2010.

On July 19, 2010, this court dismissed the defendant's appeal due to his failure to file a transcript or statement of evidence in compliance with Rule 24 of the Tennessee Rules of Appellate Procedure. On August 18, 2010, upon motion of the defendant to reconsider this court's dismissal, we remanded the case to the trial court for the approval of a statement of the evidence in compliance with Rule 24(c). Both the defendant and the State submitted statements of the evidence, which were approved by the trial court in January 2011.

The purported statement of the evidence filed by the defendant indicates that his arresting officer "testified that he did not swear to the traffic citation before filing it into the court" and contests the sufficiency of the warrant that originated his prosecution. In essence, this document contains argument rather than a statement of the evidence presented at trial.

The State's statement of the evidence reveals that the defendant "had his case bound over" to the grand jury, was indicted, tried, and convicted based upon evidence that Tennessee Highway Patrol Trooper Darrell Gribble observed the defendant "driving on Highway 55 in Warren County without wearing his seatbelt." Trooper Gribble further learned that the defendant was not wearing corrective lenses as required by his driver's license restrictions. The defendant admitted to Trooper Gribble that he was not wearing

corrective lenses. He, however, testified at trial that "his truck was not a passenger motor vehicle, that he had the right to travel[,] and that he was not suppose[d] to wear his glasses."

On appeal, the defendant contends, as numbered in his brief, that (1) his trial was erroneously held in circuit court, (2) the circuit court had no jurisdiction over his case, (3) his case concerned only "small offenses" qualifying only for fines and not incarceration, (5) this court should modify the sentence imposed by the trial court, and (6) he was denied his right to a preliminary hearing or trial in general sessions court. The State correctly notes that the defendant failed to present any argument or cite any authority in his brief concerning all of these allegations except allegation number three. In his reply brief, the defendant attempts to present argument concerning the remaining issues. As we will explain, none of these attempts can salvage his appeal from the detritus of procedural mistakes made by the defendant in his attempt to perfect the appeal.

As previously noted, the defendant filed his notice of appeal on December 10, 2009, subsequently to the entry of the judgments but before the defendant's filing of his motion for new trial on December 11, 2009. *See* Tenn. R. App. P. 4(c) (stating that "the time for appeal for all parties shall run from entry of the order denying new trial"). The trial court lost jurisdiction of the case once the notice of appeal was filed. *See State v. Pendergrass*, 937 S.W.2d 834, 837 (Tenn. 1996). Consequently, the trial court did not have jurisdiction to consider and rule on the defendant's motion for new trial. *State v. Hatcher*, 310 S.W.3d 788, 801-02 (Tenn. 2010). The motion for new trial and accompanying order denying it were completely ineffectual, and those issues which may have resulted in a new trial were waived. *See* Tenn. R. App. P. 3(e) ("[I]n all cases tried by a jury, no issue presented for review shall be predicated upon an error . . . or other ground upon which a new trial is sought, unless the same was specifically stated in a motion for new trial; otherwise such issues will be treated as waived.").

Although issues concerning the jurisdiction of the court, sufficiency of the evidence, or sentencing still survive the shortcomings of the motion for new trial, in view of the defendant's failure to include an adequate record on appeal or to cite to appropriate authorities in his appellate brief, we will not exercise our discretion to review the issues for plain error. Tenn. R. App. P. 36(b) (stating that "an appellate court may consider an error that has affected the substantial rights of a party at any time, even though the error was not raised in the motion for a new trial" where consideration of the error is "necessary to do substantial justice"); *see State v. Richardson*, 875 S.W.2d 671, 674 (Tenn. Crim. App. 1993) (noting that this court must presume a trial court's ruling was correct with respect to an issue when the appellant fails to prepare an adequate record on appeal regarding that issue as is required by Tenn. R. App. P. 24(b)); *see also* Tenn. Ct. Crim. App. R. 10(b) (noting that this court will treat as waived those issues unsupported by argument, citation to authorities, and

citation to the record). In short, the statements of the evidence contained in the record offer no illumination of the trial court's sentencing decision, and the record is completely void of any items necessary to our consideration of the propriety of the defendant's sentence. *See* T.C.A. § 40-35-210(b). Furthermore, we discern no anomalies from this record that would serve as basis to question the jurisdiction of the trial court both to conduct the trial and to impose judgment in this case.

*Conclusion*

The judgments of the trial court are affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE