# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs April 12, 2011

## STATE OF TENNESSEE v. JERRY W. ALLEY, JR.

**Appeal from the Circuit Court for Hardin County**
**No. 9220     C. Creed McGinley, Judge**

---

**No. W2010-01994-CCA-R3-CD  - Filed June 3, 2011**

---

The defendant, Jerry W. Alley, Jr., entered pleas of guilty in the Hardin County Circuit Court to one count of the initiation of a process intended to result in the manufacture of methamphetamine, *see* T.C.A. § 39-17-435 (2006); one count of simple possession of methamphetamine, *see id.* § 39-17-418(a); one count of possession of drug paraphernalia, *see id.* § 39-17-425(a)(1); and one count of child neglect, *see id.* § 39-15-401(a).  The trial court imposed a total effective sentence of eight years to be served in confinement.  On appeal, the defendant challenges the imposition of a fully incarcerative sentence.  Finding no error, we affirm.

**Tenn. R. App. P. 3; Judgments of the Circuit Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the Court, in which JOSEPH M. TIPTON, P.J., and ROBERT W. WEDEMEYER, J., joined.

Richard W. DeBerry, Assistant District Public Defender, for the appellant, Jerry W. Alley, Jr.

Robert E. Cooper, Jr., Attorney General and Reporter; Clarence E. Lutz, Assistant Attorney General; Hansel J. McCadams, District Attorney General; and Ed McDaniel, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

On May 24, 2010, the defendant entered pleas of guilty as charged to the initiation of a process intended to result in the manufacture of methamphetamine, simple possession of methamphetamine, possession of drug paraphernalia, and child neglect.  The record on appeal does not include a transcript of the defendant's guilty plea submission

hearing, but the official report of the offense listed in the presentence report and included in the arrest warrants provides:

> On 02/05/2010 anonymous calls led us to 8065 Coffee Landing Road where a meth lab with small kids w[]ere suppose[d] to be in danger. We arrived at the above address and w[ere] allowed to check the property of Sarah Hoover by Sara[h] Hoover. We did locate a four[-]bottle shake and bake meth lab, meth pipes, and meth inside the residence where there w[]ere three small kids at.

Pursuant to a plea agreement with the State, the defendant received a total effective sentence of eight years with the manner of service to be determined by the trial court.

The parties presented no testimony at the September 7, 2010 sentencing hearing and elected to rely on the presentence report as the only evidence. The report established that the 23-year-old defendant had a prior conviction of criminal trespassing. The report also reflected that the defendant received a conviction in the Hardin County General Sessions Court for a drug-related offense during the pendency of the current case.[1] Finally, the defendant was arrested on March 7, 2010, while apparently on bond in the current case, on charges of initiating a process intended to result in the manufacture of methamphetamine and the manufacture, delivery, sale, or possession of a schedule II drug, and the general sessions court bound both charges over to the grand jury on May 25, 2010.

Defense counsel stated that the defendant had recently been placed in a community corrections program on another case and asked the trial court "to consider possibly running this sentencing hearing charge in the [c]ommunity [c]orrections [p]rogram also." At the conclusion of the hearing, the trial court denied alternative sentencing on the basis that the defendant had garnered a new arrest on "an identical charge . . . less than a month later, which . . . demonstrates a lack of amenability to correction." The court also cited the nature of the offense, particularly the presence of three small children in the home where methamphetamine was being manufactured, as militating against an alternative sentence.

In this appeal, the defendant contends that the trial court erred by ordering a fully incarcerative sentence. The State asserts that the trial court properly denied alternative

---

[1]The report contains the following description: "Sch.II drugs: manufacture, deliver, sell or possess (GS#2010-CR-598). Reduced from original charge on 5-25-2010; Balance owed-$1,239.75." The precise nature of the conviction is unclear from the record.

sentencing.

As noted, the defendant has failed to include a transcript of the guilty plea submission hearing in the record on appeal. Generally, de novo review of a guilty-pleading defendant's sentence is impossible in the absence of a transcript of the plea submission hearing, which "is the equivalent of trial, in that it allows the State the opportunity to present the facts underlying the offense." *State v. Keen*, 996 S.W.2d 842, 843 (Tenn. Crim. App. 1999); *see also* T.C.A. § 40-35-401(d) (stating that this court's standard of review of sentencing decisions is de novo "on the record of the issues . . . conducted with a presumption that the determinations made by the court from which the appeal is taken are correct"). Such is the case here, where, in the absence of the transcript of the plea submission hearing, we have only the most rudimentary facts upon which to rely. The official version of the offenses provides only a brief, conclusory description and does not detail the defendant's role in the offenses. Moreover, the presentence report does not clearly define the defendant's prior criminal history and does not contain any information regarding the defendant's personal, familial, or educational history because the defendant failed to provide that information to the preparer of the report.

The appellant bears the burden of preparing an adequate record on appeal, *see State v. Ballard*, 855 S.W.2d 557, 560 (Tenn. 1993), which includes the duty to "have prepared a transcript of such part of the evidence or proceedings as is necessary to convey a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal," Tenn. R. App. P. 24(b). If the appellant fails to file an adequate record, this court must presume the trial court's ruling was correct. *See State v. Richardson*, 875 S.W.2d 671, 674 (Tenn. Crim. App. 1993). Because the record is inadequate to facilitate a de novo review of the sentencing decision of the trial court in this case, we must presume that the sentence imposed is appropriate.

Accordingly, the judgments of the trial court are affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE