FILED
06/07/2017
Clerk of the
Appellate Courts


# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs April 11, 2017

## DOUGLAS MARTINEZ v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
No. 13-03267      Paula L. Skahan, Judge

_____

### No. W2016-00093-CCA-R3-PC

_____

Petitioner, Douglas Martinez, appeals the denial of his petition for post-conviction relief. Because the record is inadequate for our review, we affirm the judgment of the post-conviction court. However, an error in the judgment form necessitates a remand for correction of the judgment to reflect the proper conviction.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed and Remanded**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which ALAN E. GLENN and J. ROSS DYER, JJ., joined.

Eric Mogy (at hearing and on appeal) and Bradley Eiseman (at hearing), Memphis, Tennessee, for the appellant, Douglas Martinez.

Herbert H. Slatery III, Attorney General and Reporter; David H. Findley, Assistant Attorney General; Amy P. Wierich, District Attorney General; and Pamela Stark, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

From the scant record on appeal, we can surmise that Petitioner was indicted by the Shelby County Grand Jury in July of 2013 for one count of aggravated sexual battery. The judgment form indicates Petitioner entered a guilty plea to attempted aggravated sexual battery, a Class C felony, in exchange for a five-year sentence in a workhouse as a Range I, standard offender. No transcript from the guilty plea hearing appears in the record on appeal. The judgment form, entered on July 17, 2014, reflects that Petitioner would be subject to mandatory supervision for life and was required to register as a sex

offender. The judgment form indicates that the indicted offense was "T.C.A. § 39-13-504 AGGRAVATED SEXUAL BATTERY" and that the conviction offense was "T.C.A. § 39-13-101 C[riminal] A[ttempt] AGG SEX BATTERY." Tennessee Code Annotated section 39-13-101 is the statute defining misdemeanor assault. Tennessee Code Annotated section 39-12-101 is the statute defining criminal attempt. On remand, the post-conviction court should enter an amended judgment reflecting Petitioner's conviction for attempted aggravated sexual battery under Tennessee Code Annotated sections 39-12-101 and 39-13-504.

In October of 2014, Petitioner filed a pro se petition for post-conviction relief in which he raised various grounds of ineffective assistance of counsel, prosecutorial misconduct, and an unknowing and involuntary guilty plea. Counsel was appointed and an amended petition was filed.

At some point, an evidentiary hearing was held on the petition. At the hearing, an associate of appointed counsel appeared and represented Petitioner. According to the technical record, Petitioner filed a motion to dismiss counsel on the day of the hearing but orally retracted the motion "after careful consideration of his right to counsel and his right to proceed pro se." No transcript from the post-conviction hearing appears in the record on appeal. In an order denying relief entered on January 7, 2016, the post-conviction court recounted Petitioner's fourteen allegations of ineffective assistance of counsel and determined that Petitioner failed to establish that he was entitled to relief. Petitioner filed a pro se notice of appeal with this Court. Petitioner also filed a pro se "order requesting transcripts for post-conviction hearing," and a "motion to appoint coun[se]l" in this Court.

When this Court received the notice of appeal and accompanying technical record from the trial court, the record did not reflect whether appointed counsel had withdrawn from representation of Petitioner for purposes of appeal. Therefore, on May 17, 2016, this Court remanded the matter to the post-conviction court to determine whether Petitioner was represented by counsel or would proceed pro se on appeal.

The post-conviction court entered an order on June 3, 2016, finding that appointed counsel was never discharged from his representation of Petitioner and effectively failed to follow Tennessee Supreme Court Rule 13 section 1(e)(5) by not following the case to its conclusion. The post-conviction court appointed substitute counsel who happened to be the associate of appointed counsel who had appeared for Petitioner at the post-conviction hearing.

About a month later, on June 30, 2016, substitute counsel filed a motion with this Court seeking to dismiss the appeal. On July 11, 2016, this Court denied the motion because it was not accompanied by a signed statement of Petitioner in accordance with

Rule 11 of the Tennessee Court of Criminal Appeals. Substitute counsel failed to file a brief within the thirty-day time limit. Eventually, in October of 2016, a show cause order was issued for substitute counsel due to his continued failure to file a brief on behalf of Petitioner. Substitute counsel filed a second motion to dismiss the appeal on November 2, 2016. For the second time, the motion was not accompanied by a signed statement of Petitioner. On December 15, 2016, this Court again denied the motion. In addition, this Court ordered substitute counsel to appear before a panel of this Court to determine whether he should be held in contempt for his "history of inaction before this Court." Substitute counsel was given fifteen days to file a brief.

Substitute counsel finally filed a brief on behalf of Petitioner seeking a reversal of the denial of post-conviction relief.[1] In the brief, counsel cites to a transcript of the post-conviction hearing and facts of the underlying offense from the guilty plea hearing. The transcripts from neither the guilty plea hearing nor the post-conviction hearing appear in the record on appeal.

The lack of a complete record precludes our review of the post-conviction court's denial of relief. Petitioner should have included the transcripts of the post-conviction hearing and the guilty plea in the appellate record. *See* Tenn. R. App. P. 24(b) (providing that it is the appellant's duty to prepare a record which conveys a fair, accurate, and complete record on appeal to enable meaningful appellate review). In the absence of an adequate record, we must presume the judgment of the post-conviction court is correct. *See State v. Richardson*, 875 S.W.2d 671, 674 (Tenn. Crim. App. 1993); *State v. Cooper*, 736 S.W.2d 125, 131 (Tenn. Crim. App. 1987).

By failing to adequately prepare the record for appellate review, substitute counsel has executed an end run and essentially gained the dismissal of the appeal he requested twice without verification from Petitioner. The judgment of the trial court is thus affirmed.

---

TIMOTHY L. EASTER, JUDGE

---

[1] Because counsel remedied his delinquent status by filing a brief, this Court declined to find him in contempt.