IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs November 5, 2019

**TIMOTHY A. BAXTER v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Madison County**
**No. 11-651   Donald H. Allen, Judge**

_____

**No. W2019-00590-CCA-R3-CD**

_____

In 2010, Timothy A. Baxter, Defendant, was charged with aggravated assault and was arraigned on May 9, 2011.  Defendant was subsequently charged with failure to appear for his June 13, 2011 court date on the aggravated assault charge.  A jury found Defendant guilty of failure to appear, and the trial court sentenced him to six years in the Tennessee Department of Correction.  This court affirmed Defendant's judgment of conviction on direct appeal in January 2014.[1]  Defendant filed a pro se "Motion to Correct Record and Amend Judgment" on March 21, 2018.  The trial court dismissed this motion on April 17, 2018, and Defendant filed a pro se "Motion to Alter or Amend" under Tennessee Rule of Civil Procedure 59(e) on April 30, 2018.  The trial court denied Defendant's Motion to Alter or Amend on March 8, 2019, and Defendant timely appeals.  Because Defendant has failed to provide an adequate record for review, and because this court does not have jurisdiction, the appeal is dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, P.J., and CAMILLE R. MCMULLEN, J., joined.

Timothy A. Baxter, Hartsville, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Brent C. Cherry, Senior Assistant Attorney General; Jody Pickens, District Attorney General; and Shaun Brown, Assistant District Attorney General, for the appellee, State of Tennessee.

_____

[1] *State v. Timothy Aaron Baxter*, No. W2012-02555-CCA-R3-CD, 2014 WL 29102 (Tenn. Crim. App. Jan. 3, 2014), *perm. app. denied* (Tenn. May 29, 2014).

## OPINION

In his pro se "Motion to Correct Record and Amend Judgment," Defendant argued that he was entitled to pretrial jail credits from the date of his June 26, 2011 arrest for failure to appear until his August 9, 2012 trial.

In its "Order Dismissing Motion to Correct and Amend Judgment," the trial court stated:

> [Defendant] was in the custody of the Tennessee Department of Correction and had to be transported back to Madison County for his appearances and trial. [Defendant] is not entitled to pretrial jail credits if he is serving a sentence in the Tennessee Department of Correction. The State properly awarded [Defendant] credits for the time that he was in the Madison County Jail after having been returned to Madison County for his hearings in this case. The judgments in this matter are correct.

In his pro se "Motion to Alter or Amend," Defendant stated that he was arrested on June 26, 2011 and held without bail. He contended that "it wasn't until 1/10/2012 that [he] was released to the Tennessee Department of Correction" and asked the trial court to take judicial notice of the judgments of conviction pursuant to Tennessee Rule of Evidence 201(e).

In its "Order Denying [Defendant's] Pro Se Motion to Alter or Amend," the trial court stated:

> The 6 year sentence in this case, Madison County Circuit Court docket #11-651, is to be served consecutive to the sentences in Madison County Circuit Court cases #11-250, #01-915, and #01-792, as stated per the judgment in case #11-651.
>
> . . . .
>
> The Madison County Jail records clearly show that between June 26th, 2011 through August 12th, 2012, that [D]efendant was transported back and forth from the Tennessee Department of Correction (where he was serving other felony sentence) and was held temporarily in the local jail from March 13th, 2012 through March 21st, 2012, then from May 16th, 2012 through May 22nd, 2012, then from August 3rd, 2012 through August 14th, 2012 and then October 12th, 2012 through October 15th, 2012, which are the correct number of days that he was held in the Madison County Jail

in case #11-651. Each of these pre-trial jail credit periods are reflected on the Final Sentencing Judgment in this case, docket #11-651. Again, after a thorough and careful review of the Madison County Jail records, by this [c]ourt, the days of pre-trial jail credits in this case #11-651 are correct and have been so properly reflected on the final sentencing judgment order in this case.

On appeal, Defendant argues that the trial court abused its discretion by making erroneous findings of fact and conclusions of law "compounded by a failure to correctly award all pre-trial jail credit earned on the failure to appear conviction in direct contravention of T[ennessee] C[ode] A[nnotated section] 40-23-101(c)." The State responds that the record on appeal is inadequate for review and that Defendant is not entitled to pretrial credit against more than one sentence at a time.

Initially, we note that the Rules of Appellate Procedure do not contemplate an appeal as of right from an order denying a motion to alter or amend.

> In criminal actions an appeal as of right by a defendant lies from any judgment of conviction entered by a trial court from which an appeal lies to the Supreme Court or Court of Criminal Appeals: (1) on a plea of not guilty; and (2) on a plea of guilty or nolo contendere, if the defendant entered into a plea agreement but explicitly reserved the right to appeal a certified question of law dispositive of the case pursuant to and in compliance with the requirements of Rule 37(b)(2)(A) or (D) of the Tennessee Rules of Criminal Procedure, or if the defendant seeks review of the sentence and there was no plea agreement concerning the sentence, or if the issues presented for review were not waived as a matter of law by the plea of guilty or nolo contendere and if such issues are apparent from the record of the proceedings already had. The defendant may also appeal as of right from an order denying or revoking probation, an order or judgment entered pursuant to Rule 36 or Rule 36.1, Tennessee Rules of Criminal Procedure, from a final judgment in a criminal contempt, habeas corpus, extradition, or post-conviction proceeding, from a final order on a request for expunction, and from the denial of a motion to withdraw a guilty plea under Tennessee Rules of Criminal Procedure 32(f).

Tenn. R. App. P. 3(b). The instant appeal does not fall under any of the circumstances available for a direct appeal for a defendant. Therefore, we conclude that the present case does not fall within the purview of Rule 3, and the appeal must be dismissed.

Even if this court did have jurisdiction, Defendant has failed to provide an adequate record for review. A defendant bears the burden of preparing an adequate record on appeal, *see State v. Ballard*, 855 S.W.2d 557, 560 (Tenn. 1993), which includes the duty to "have prepared a transcript of such part of the evidence or proceedings as is necessary to convey a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal." Tenn. R. App. P. 24(b). This court is precluded from considering an issue presented for review when the record is incomplete and does not contain a transcript of the proceedings relevant to the issue, or portions of the record upon which the defendant relies. *Ballard*, 855 S.W.2d at 560-61 (citing *State v. Roberts*, 755 S.W.2d 833, 836 (Tenn. Crim. App. 1988). If the defendant fails to file an adequate record, this court must presume the trial court's ruling was correct. *See State v. Richardson*, 875 S.W.2d 671, 674 (Tenn. Crim. App. 1993). Because Defendant failed to provide the judgment forms for his convictions, the record is inadequate.

## Conclusion

The appeal is dismissed for lack of jurisdiction.

_____
ROBERT L. HOLLOWAY, JR., JUDGE

- 4 -