IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs October 29, 2019

**WILLIE JAMES BRADLEY v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Hamilton County**
**No. 306512     Thomas C. Greenholtz, Judge**

_____

**No. E2019-00476-CCA-R3-PC**
_____

The Petitioner, Willie James Bradley, appeals from the Hamilton County Criminal Court's summary denial of his petition for post-conviction relief and his "motion to change order." The Petitioner contends that his due process rights were violated because the trial court did not inform him that he was subject to lifetime community supervision as a result of his guilty plea. The Petitioner also argues that his judgments were improperly changed by extra-judicial agencies. Following our review, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, P.J., and J. ROSS DYER, J., joined.

Willie James Bradley, Chattanooga, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Courtney N. Orr, Assistant Attorney General; and Neal Pinkston, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

FACTUAL BACKGROUND

On September 7, 1999, the Petitioner pled guilty in the Hamilton County Criminal Court to two counts of attempted aggravated sexual battery and received an effective agreed-upon sentence of six years as a Range I, standard offender. The judgment forms and plea agreement documents did not discuss community supervision requirements. No direct appeal of the convictions was filed.

On January 2, 2019, some nineteen years past the one-year statute of limitations, the Petitioner filed a pro se petition for post-conviction relief. The Petitioner also filed a "motion to change order" that is not included in the record on appeal.

The post-conviction petition alleged that the Petitioner's due process rights were violated when he was not informed by the trial court that he was subject to lifetime community supervision as a result of pleading guilty to attempted aggravated sexual battery. He contended that, as a result, he entered an involuntary or unintelligent plea.

The post-conviction court summarily denied both the motion and the post-conviction petition in a written order filed on March 7, 2019. The court noted that in the motion to change order, the Petitioner stated that at the time he pled guilty, he "was aware of the registration requirement and his right to request termination of the requirement after ten years of compliance." The court further noted the Petitioner's argument that the Tennessee Bureau of Investigation (TBI), Tennessee Department of Correction (TDOC), and Hamilton County Sheriff's Department (HCSD) made "unspecified unauthorized changes to the plea agreement."

The post-conviction court noted that although the omission of community supervision requirements from a judgment was "subject to correction by a trial court at any time before or soon after expiration of the sentence, the judgment is not perpetually subject to correction by the trial court and is never subject to extra-judicial correction" of the type alleged by the Petitioner. The court found that it did not have the ability to correct the Petitioner's judgments "many years after the expiration of the sentences[.]" The court concluded that the Petitioner did not state a ground or claim for relief and noted that if the Petitioner wished to be removed from the sex offender registry, he should address that request to the TBI.

Relative to the post-conviction petition, the post-conviction court found that the petition was untimely and that the Petitioner did not allege "sufficient facts to toll the statute of limitations." The court noted that the claim was not later-arising, that the Petitioner did not suffer from incompetency, and that the Petitioner did not "show that some extraordinary circumstance stood in his way" to prevent timely filing. The court concluded that it was without jurisdiction to consider the petition and dismissed it.

The Petitioner timely appealed, arguing that his understanding of his plea was that "if [he] was not convicted in [ten] years of a [s]ex charge[, he could] get off in [ten] years[.]" The Petitioner noted that it had been twenty years since his conviction and that he had not been convicted of additional sexual offenses. Although the Petitioner's argument is unclear, he alleges that the TDOC, TBI, and HCSD "[p]ut [a] special condition on the plea as a violent offender and community supervision for life." He appears to argue that after the latest amendment to the community supervision law, which

became effective on July 10, 2014, a change was made to his plea agreement or judgments. The Petitioner does not address the untimeliness of his post-conviction petition. The State responds that the Petitioner has prepared an inadequate record relative to the motion to change order and that his post-conviction petition was properly dismissed as untimely.

(1) Motion to Change Order

The State correctly notes that this court may not make a ruling when the record is incomplete, see State v. Richardson, 875 S.W.2d 671, 674 (Tenn. Crim. App. 1993). In this case, the record on appeal is devoid of information regarding the motion to change order. Supplementing the record would not assist our review, as the discussion of the motion in the post-conviction court's order indicates that the motion itself gave scant information other than an unsupported assertion that an unauthorized, unspecified change had been made to the Petitioner's judgments. We are unable to review this issue. We note, though, that the imposition of lifetime community supervision does not involve changing any part of the Petitioner's sentence. Lifetime community supervision was part of the Petitioner's sentence as imposed in 1999, no matter the erroneous absence of such on the judgment forms. "The Petitioner's original sentence included . . . lifetime community supervision [by operation of statute,] . . . regardless of whether the parties and the trial court were aware of the sentence at the guilty plea hearing." Daniel G. Carr v. State, No. M2017-01389-CCA-R3-PC, 2019 WL 6220966, at *7 (Montgomery, J., concurring in part; dissenting in part).

(2) Post-Conviction Petition

Post-conviction relief is available when a "conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." Tenn. Code Ann. § 40-30-103. A petition for post-conviction relief must be filed "within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final . . . ." Tenn. Code Ann. § 40-30-102(a). Here, it was undisputed that the one-year statute of limitations expired years before the petition was filed.

"[T]he right to file a petition for post-conviction relief . . . shall be extinguished upon the expiration of the limitations period." Tenn. Code Ann. § 40-30-102(a). "If it plainly appears from the face of the petition, any annexed exhibits or the prior proceedings in the case that the petition was not filed . . . within the time set forth in the statute of limitations, . . . the judge shall enter an order dismissing the petition." Tenn. Code Ann. § 40-30-106(b). The Post-Conviction Procedure Act is explicit that the one-

year statute of limitations "shall not be tolled for any reasons, including any tolling or saving provision otherwise available at law or equity." Tenn. Code Ann. § 40-30-102(a).

The Post-Conviction Procedure Act provides for only three narrow factual circumstances in which the statute of limitations may be tolled, none of which the Petitioner alleges apply to his case. See Tenn. Code Ann. § 40-30-102(b). In addition to the statutory circumstances, our supreme court has held that due process principles may require tolling the statute of limitations. See Whitehead v. State, 402 S.W.3d 615, 622-23 (Tenn. 2013). "A petitioner is entitled to due process tolling upon a showing (1) that he or she has been pursuing his or her rights diligently, and (2) that some extraordinary circumstance stood in his or her way and prevented timely filing." Id. at 631 (citing Holland v. Florida, 560 U.S. 631, 649 (2010)).

A post-conviction petition "shall include allegations of fact supporting each claim for relief set forth in the petition." Tenn. Code Ann. § 40-30-104(e). "[I]f the facts alleged, taken as true, fail to show that the petitioner is entitled to relief . . . the petition shall be dismissed." Tenn. Code Ann. § 40-30-106(f). Our supreme court has held that "it is incumbent upon a petitioner to include allegations of fact in the petition establishing either timely filing or tolling of the statutory period." State v. Nix, 40 S.W.3d 459, 464 (Tenn. 2001) (abrogated on other grounds by Reid ex rel. Martiniano v. State, 396 S.W.3d 478, 511-13 (Tenn. 2013)).

In this case, the Petitioner has not alleged any reason for his failing to timely file a post-conviction petition. It is likewise not clear from the scant record or the Petitioner's appellate brief what could have caused the delay. Indeed, the Petitioner states that he was released from prison in 2002, at which time he would have registered for community supervision, and that he has spent twenty years on community supervision. When the Petitioner was not released from community supervision in 2012, he would presumably have been alerted that the community supervision requirements were not as he understood them. Assuming that the Petitioner did not become aware of the lifetime community service requirement until July 10, 2014, the date on which his judgments were allegedly changed, he gives no reason for waiting more than four additional years to file his petition.

In contrast to other situations in which this court has remanded cases for further factual findings regarding due process tolling, the Petitioner has not alleged a reason, and we can discern none, for the delay in filing, let alone one that was out of his control. We conclude, therefore, that the post-conviction court properly dismissed the petition. Cf. Carr, 2019 WL 6220966, at *5 (remanding for a due process hearing when the petitioner alleged that he did not learn of lifetime community supervision requirements until his release from prison and that he was unable to pursue post-conviction relief due to being in federal prison); Melvin J. Reed, Jr. v. State, No. M2011-02022-CCA-R3-PC, 2012 WL

-4-

1951102, at *3 (Tenn. Crim. App. May 31, 2012) (remanding for a due process hearing when the petitioner alleged and provided documentation that his attorney, who represented the petitioner during the year preceding the expiration of the post-conviction statute of limitations, misrepresented the status of his case). The Petitioner is not entitled to relief on this basis.

CONCLUSION

Upon consideration of the foregoing and the record as a whole, the judgment of the post-conviction court is affirmed.

_____
D. KELLY THOMAS, JR., JUDGE