IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs December 3, 2024

**STATE OF TENNESSEE v. STACY MICHELLE COCHRAN**

**Appeal from the Circuit Court for Carroll County**
**Nos. 21CR22, 22CR125     Bruce Irwin Griffey, Judge**

_____

**No. W2024-00219-CCA-R3-CD**

_____

Stacy Michelle Cochran, Defendant, entered an open plea of guilty to three felonies and one misdemeanor. Following a sentencing hearing, the trial court sentenced her as a Range II multiple offender to an effective sentence of twenty-four years to be served at 35%, plus eleven months and 29 days to be served at 75%. Defendant claims that the State entered into a plea agreement for her to be sentenced as a Range I offender and that the trial court erred in sentencing her as a Range II offender. Because the record on appeal, which does not contain the transcript of the plea submission hearing or the transcript of the sentencing hearing, is inadequate for meaningful appellate review, we are precluded from addressing the issue. The judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN, P.J., and JILL BARTEE AYERS, J., joined.

Samuel W. Hinson, Lexington, Tennessee, for the appellant, Stacy Michelle Cochran.

Jonathan Skrmetti, Attorney General and Reporter; Raymond J. Lepone, Assistant Attorney General; Neil Thompson, District Attorney General; and William M. Thorne, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On April 20, 2021, the Carroll County Grand Jury indicted Defendant for Class C felony aggravated burglary and Class D felony theft of property in Case No. 21CR22. On September 21, 2021, the State filed a Notice of Intent to Seek Enhanced Punishment, alleging that Defendant was a Range II offender based on one prior burglary and one prior aggravated burglary conviction. On April 29, 2022, the State filed a motion to revoke

Defendant's bond in Case No. 21CR22, alleging that Defendant had incurred new criminal charges. On June 28, 2022, Defendant was charged by criminal information in Case No. 22CR125 with possession of methamphetamine and introduction of drugs into a penal institution.

On July 25, 2022, Defendant filed a Request for Acceptance of Plea of Guilty ("the Plea Request") in Case No. 21CR22. The Plea Request stated that Defendant was charged in Count 1 with aggravated burglary "with a min/max sen. 3–6" and in Count 2 Defendant was charged with theft of property "with a min/max sen. 2–4." The Plea Request stated that Defendant sought to enter a "Blind Plea" on the two charges and was signed by Defendant and by a person whose signature is not legible.

On August 26, 2022, the State filed a Notice of Intent to Seek Enhanced Punishment in Case No. 22CR125, alleging that Defendant was a Range II offender. The "modified" Presentence Report for both cases was filed on September 1, 2022.

On August 4, 2023, an Agreed Order was entered resetting both cases for September 18, 2023. On December 20, 2023, Defendant filed a motion for discovery in both cases. On February 8, 2024, an order denying Defendant's oral request for reconsideration of her sentence was entered. That order states that a notice of enhanced punishment "designating Defendant as a Range II, Multiple Offender" was filed prior to the entry of an open guilty plea and that sentence was imposed following a sentencing hearing on November 30, 2023. The record on appeal does not include the transcript of the plea submission hearing, the transcript of the sentencing hearing, or the transcript of the hearing in which the trial court denied the oral request for reconsideration.

The record on appeal includes three felony judgments of conviction that were entered on February 27, 2024, and show Defendant was sentenced as a Range II multiple offender and that her release eligibility was 35%. In Count 1 of Case No. 21CR22, the judgment reflects that Defendant pled guilty to aggravated burglary and was sentenced to 10 years. In Count 2, the judgment reflects that Defendant pled guilty to theft of property valued at $2,500 or more but less than $10,000 and was sentenced to 8 years. In Count 2 of Case No. 22CR125, Defendant pled guilty to introduction of contraband into a penal facility and was sentenced to 6 years. The judgment in Count 1 reflects that Defendant pled guilty to misdemeanor possession of methamphetamine and was sentenced to eleven months and 29 days with minimum service of 75%. All counts were aligned consecutively for a total effective sentence of twenty-four years at 35% and eleven months and 29 days at 75%.

On February 12, 2024, Defendant filed a premature notice of appeal.

- 2 -

## Analysis

On appeal, Defendant claims that the trial court "erred in sentencing [her] as a Range II offender after [Defendant] and the [S]tate entered into a negotiated/blind plea agreement in which [Defendant] was to be sentenced as a Range I offender." The State argues that "[D]efendant has waived her argument that the trial court erred in sentencing her as a Range II offender by failing to provide an adequate record for review[.]" We agree with the State.

As the appellant, Defendant bears the burden to prepare "a record which conveys a fair, accurate and complete account of what transpired with respect to the issues forming the basis of the appeal." *State v. Ballard*, 855 S.W.2d 557, 560 (Tenn. 1993) (citing *State v. Bunch*, 646 S.W.2d 158, 160 (Tenn. 1983)). "Where the record is incomplete and does not contain a transcript of the proceedings relevant to an issue presented for review, or portions of the record upon which the party relies, an appellate court is precluded from considering the issue." *Ballard*, 855 S.W.2d at 560-61 (citing *State v. Roberts*, 755 S.W.2d 833, 836 (Tenn. Crim. App. 1988)). The record does not include the transcript of the plea submission hearing, the transcript of the sentencing hearing, or the transcript of the hearing denying the motion for reconsideration. There is no proof in the record that the State "entered into a negotiated/blind plea agreement in which [Defendant] was to be sentenced as a Range I offender." If a defendant fails to file an adequate record, this court must presume the trial court's ruling was correct. *See State v. Richardson*, 875 S.W.2d 671, 674 (Tenn. Crim. App. 1993). In this case, the record on appeal is inadequate; thus, we are precluded from considering the issue and we must presume the trial court's ruling was correct.

Even though the inadequacies of the record were pointed out by the State in its brief, counsel for Defendant did not seek to supplement the record. Instead, in the reply brief, counsel for Defendant claimed that he "did not believe transcripts were necessary in this case due to the flagrant and obvious error committed by the court when it sentenced [Defendant] as a Range [II] offender." Counsel's belief is incorrect.

We are precluded from addressing the issue. The judgment of the trial court is affirmed.

s/ *Robert L. Holloway, Jr.*
ROBERT L. HOLLOWAY, JR., JUDGE

- 3 -