IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs March 10, 2026

## SEAN WILLIAM LEE v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Sumner County**
**No. 2025-CR-472          Dee David Gay, Judge**

_____

**No. M2025-01599-CCA-R3-PC**

_____

In March 2019, the Petitioner, Sean William Lee, pleaded guilty to attempting to violate the Sex Offender Registry Act ("SORA"), and the trial court ordered him to serve 270 days in jail. In July 2025, the Petitioner filed a petition for post-conviction relief in which he alleged that a federal preliminary injunction issued in his favor applied retroactively and rendered void his conviction for attempting to violate the registry. He also alleged that the State and his trial counsel failed to give him proper notice that he was required to register as a sex offender. The post-conviction court summarily dismissed the petition as untimely. The Petitioner appeals, maintaining on appeal that his conviction for attempting to violate SORA is void, and that he was not properly informed by the State or his trial counsel that he would be required to register as a sex offender. After review, we affirm the post-conviction court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT W. WEDEMEYER, P.J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN and MATTHEW J. WILSON, JJ., joined.

Sean William Lee, Bartlett, Tennessee, Pro Se.

Jonathan Skrmetti, Attorney General and Reporter; Courtney N. Orr, Deputy Attorney General; and Thomas Boone Dean, District Attorney General, for the appellee, State of Tennessee.

**OPINION**
**I. Facts**

While the record does not include the facts or circumstances of the original offense or offenses, it appears that on January 24, 2019, the Petitioner was released from custody after serving a thirteen-year sentence, and he moved into his parents' home in Sumner County. On January 25, 2019, the Petitioner came to the Sheriff's Office in Sumner County to register as a sex offender in Sumner County. He filled out paperwork listing his address on Burke Lane, and he answered "no" when asked if any children lived in the home. On January 28, 2019, the Sumner County Sheriff's Office received information from one of the Petitioner's relatives that the Petitioner, a registered sex offender, was residing in his parents' home with a four-year-old male child. As a result of this, the Petitioner was charged with violating the Tennessee SORA.

On March 6, 2019, the Petitioner pleaded guilty to attempted violation of the residential restrictions of the Sex Offender Registry. The trial court ordered him to serve 270 days of incarceration at 75%.

It appears that this violation of the SORA also violated the Petitioner's separate federal supervised release. *See Thorpe v. Tennessee General Assembly*, No. 3:23-CV-00993, 2023 WL 8629102, at *4 (M.D. Tenn. Dec. 12, 2023). The Petitioner therefore filed for a temporary restraining order and/or preliminary injunction contending that the Tennessee SORA violated constitutional provisions against the *Ex Post Facto* application of laws. On November 27, 2023, the District Court for the Western District of Tennessee issued an order, included in the record on appeal, that granted the Petitioner a preliminary injunction against William Lee, as Governor of Tennessee, and David B. Rausch, as Director of the Tennessee Bureau of Investigation. The injunction prevented them and their officers, directors, agents, representatives, attorneys, employees, subsidiaries, and affiliates from: enforcing the Tennessee SORA; requiring the Petitioner to comply with any portion of the SORA; and publishing the Petitioner's information on the sex offender registry. The court ordered that the litigation be stayed pending resolution of the Sixth Circuit's ruling in *Doe #1 v. Lee.* It further ordered the Petitioner to file a status report addressing the impact of the Sixth Circuit's eventual ruling in *Doe #1 v. Lee* within twenty-one days of the issuance of that opinion.

In *Wooden v. Lee, et. al.*, No. 1:24-cv-01052-JDB-tmp, 2024 WL 1445092 n.3 (W.D. Tenn. Apr. 3, 2024), the Federal District Court noted that, "In at least six cases involving *Ex Post Facto* Clause challenges to the SORA, district courts in Tennessee have granted defendants' motions for stays" pending the Sixth Circuit's ruling in *John Doe #1-9 v. Lee. Id.* It cited the Petitioner's case as one of those granting the motions for a stay. *Id.* (citing *see also John Doe v. Lee*, No. 2:21-cv-02156-SHL-atc (W.D. Tenn. Nov. 1, 2023) (D.E. 90) (granting joint motion to administratively stay case)).

2

The Sixth Circuit issued its ruling in *John Doe #1 v. Lee*, on May 15, 2024. 102 F.4th 330 (2024). It held that the defendant offenders lacked standing to bring an action against the Governor and remanded the case for the district court to dismiss the cases against him. The court ruled that the Petitioner's case could proceed against the TBI Director, but stated that any injunction would be limited. *Id.* at 342.

The *Doe #1* court noted that the constitution prevented the *ex post facto* imposition of laws and that a law qualified as *ex post facto* if it "changes the legal consequences of acts committed before its effective date." *Id.* (citing *Doe v. Bredesen*, 507 F.3d 998, 1003 (6th Cir. 2007)). The court noted that the U.S. Supreme Court had found that retroactive laws requiring sexual offenders to report to and register with law enforcement are constitutional. *Id.* at 337 (citing *Smith*, 538 U.S. at 97; *Kennedy v. Mendoza-Martinez*, 372 U.S. 97, 105-06 (Tenn. 2003)). The Supreme Court reasoned that these schemes are simply regulatory, and any stigma that results from collection and dissemination of this information is incidental to the legitimate purposes of the statute. *Id.* (citing *Smith*, 538 U.S. at 98-99).

The *Doe #1* Court stated that it had previously upheld Tennessee's SORA, but that the law had changed considerably starting in 2006 and through the latest amendments in 2015. *Id.* at 338. Tennessee added child-access restrictions ranging from prohibiting all registrants from the premises of schools, day cares, etc., where there was reason to believe children were present, to prohibiting all registrants from being alone with a minor in a "private area" unobservable by any other adult. *Id.* The court then moved to review the constitutionality of the retroactive application of those new requirements. *Id.*

Ultimately, the court vacated the sweeping injunction against Tennessee's SORA and concluded that "any provisions of Tennessee's Act analogous to those discussed in *Smith, Bredesen*, and *Cutshall* pass constitutional muster. But those which mirror Michigan's 2006 and 2011 amendments to SORA, enjoined by *Snyder*[1], must fail." *Id.* at 339. It stated that full analysis for the applicable "*Mendoa-Martinex* factors was not necessary because the provisions of Tennessee's Act are either the same as or directly mirror those discussed in this court's prior cases," meaning the dispute could be resolved by applying previous binding precedent. *Id.*

---

[1]*Snyder* involved a regulated regime that severely restricted where people could live, work, and "loiter," by categorizing them into tiers ostensibly corresponding to present dangerousness without any individualized assessment thereof and required time consuming and cumbersome in-person reporting. Such requirements, the *Snyder* court said, treated registrants as "moral lepers" and "consigned them to years, if not a lifetime, of existence at the margins, not only of society but often . . . from their own families." *Snyder*, 834 F.3d at 705.

It finally stated that:

> [t]he only injunction potentially warranted against Director Rausch would be a limited one prohibiting him from exercising his limited record-keeping powers under Tennessee law in a way that violates Plaintiffs' rights under our *Ex Post Facto* Clause analysis. Therefore, to the extent his office categorizes registrants based on the crime of their conviction and without an individualized assessment, that function may be questionable under *Snyder*.

*Id.* at 339.

More than a year after *Doe #1* was filed, on July 23, 2025, the Petitioner filed a petition for post-conviction relief alleging that the federal injunction retroactively invalidated enforcement of the Tennessee SORA against him and rendered his conviction for attempting to violate the registry void. He also contended that he had never been informed of the SORA registration obligations and that his attorney never provided him with information about the SORA before he entered his original guilty plea.

The post-conviction court summarily dismissed the petition. The order stated:

> The Petitioner filed a Pro Se Petition for Post-Conviction Relief on July 23, 2025, "moving to vacate his void March 6, 2019, conviction." The conviction referred to is a General Sessions conviction for Attempt Violation of Residential Restrictions from the Sexual Offender Registry, *General Sessions Case No: 2019-CR-1454*.
>
> The Petition is very confusing as it refers to an Order on November 27, 2023, from the US District Court for the Western District of TN granting a Preliminary Injunction and Staying the case of *John Doe, AKA, Sean W. Lee v. William Lee.* The Order is not stamp filed with the Clerk's Office nor signed by a U.S. District Judge. It gives the appearance the [sic] an "Order" was typed by someone other than from the District Court.
>
> The Petition also is not sworn to under a penalty for perjury.
>
> Further, the Court does not understand how any order from a Federal District Court could apply to a General Sessions guilty plea conviction for Attempted Violation of Residential Restrictions on March 6, 2019, that was completed after the Petitioner served two hundred and seventy (270) days in jail.

4

THE STATUTE OF LIMITATIONS FOR POST-CONVICTION RELIEF PETITIONS

"A person in custody under a sentence of a Court of this State must petition for Post-Conviction Relief . . . within one (1) year of the date of judgment became final, or consideration of the Petitioner shall be barred." TCA 40-30-102(a). This Petition was filed over six (6) years after the conviction seeking to be vacated was imposed. The Petition is time-barred.

It is from this judgment that the Petitioner now appeals.

## II. Analysis

On appeal, the Petitioner contends that the post-conviction court erred when it summarily dismissed his petition for post-conviction relief. The basis of his claim is wholly unclear from his brief. The State counters that the Petitioner's appeal should be dismissed for several reasons, that include, *inter alia*: his appeal was not properly perfected; his appeal from the dismissal is untimely; and his motion was properly summarily dismissed by the lower court. Any of the State's reasons would be a proper basis for our affirming the lower court's judgment, along with the fact that the record is not complete, and the Petitioner did not provide an adequate brief for our consideration of the issues.

Post-conviction relief is available "when the conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." T.C.A. § 40-30-103 (2018). A petitioner has the burden of proving his factual allegations by clear and convincing evidence. T.C.A. § 40-30-110(f) (2018). A post-conviction court's findings of fact are binding on appeal, and this court must defer to them "unless the evidence in the record preponderates against those findings." *Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997); *see Fields v. State*, 40 S.W.3d 450, 456-57 (Tenn. 2001). A post-conviction court's application of law to its factual findings is subject to a *de novo* standard of review without a presumption of correctness. *Fields*, 40 S.W.3d at 457-58.

Under Tennessee Code Annotated section 40-30-102(a), a post-conviction petition must be filed "within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final, or consideration of the petition shall be barred." Failure to file within the limitations period bars relief and removes the case from the court's jurisdiction. T.C.A. § 40-30-102(b). The statute provides that the limitations period "shall not be tolled for any reason, including any tolling or saving provision otherwise available

5

at law or equity." T.C.A. § 40-30-102(a). The limitations period has three statutory exceptions for certain claims involving new constitutional rights, certain claims involving new scientific evidence, and for sentences enhanced by subsequently overturned convictions. T.C.A. § 40-30-102(b). In addition to the statutory exceptions, our courts have recognized that, on occasion, due process requires that the statute of limitations be tolled. *Williams v. State*, 44 S.W.3d 464, 468 (Tenn. 2001). Accordingly, despite statutory language that "[t]he statute of limitations shall not be tolled for any reason, including any tolling or saving provision otherwise available at law or equity," T.C.A. § 40-30-102(a), due process may require tolling when circumstances beyond the petitioner's control preclude raising the post-conviction claims. *Williams*, 44 S.W.3d at 469. Due process may toll the statute of limitations, for instance, when the petitioner is the victim of his counsel's misrepresentation. *Id*. at 471 (remanding for a determination of misconduct).

In the case under submission, the post-conviction court did not err when it determined that the Petitioner's petition was time-barred. The Petitioner pleaded guilty on March 6, 2019, and he did not pursue an appeal in this matter. The Petitioner's one-year statute of limitations, therefore, expired on April 7, 2020. He did not file his post-conviction petition until July 23, 2025, rendering it untimely. We agree with the post-conviction court that none of the exceptions to the statute of limitations apply to the Petitioner's case and that due process does not require a tolling of the statute of limitations. The Petitioner is not entitled to relief on this issue.

To avoid further non-meritorious filings by the Petitioner, we want to explain to him that he has failed to adequately state any *ex post facto* claim based on a provision of the Act. A law only implicates the *Ex Post Facto* Clause if it applies retrospectively and "changes the legal consequences of acts committed before its effective date." *Doe v. Bredesen*, 507 F.3d 998, 1003 (6th Cir. 2007). In this instance, the Petitioner has not provided his original judgment of conviction, pursuant to which he was placed on the SORA, or a transcript of the guilty plea hearing during which he was likely advised of the SORA requirements. It is the Petitioner's duty to prepare a complete and adequate record, *State v. Ballard*, 855 S.W.2d 557, 560 (Tenn.1993), which includes the duty to "have prepared a transcript of such part of the evidence or proceedings as is necessary to convey a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal." Tenn. R. App. P. 24(b). If the petitioner fails to file an adequate record, this court must presume that the post-conviction court's ruling was correct. *See State v. Richardson*, 875 S.W.2d 671, 674 (Tenn. Crim. App. 1993).

Without the original judgment of conviction, we have no way of discerning the Petitioner's original conviction whether it involved a minor, or whether it involved violence. We also cannot ascertain which version of the SORA was in effect at the time of Petitioner's conviction. Finally, without a transcript of the guilty plea hearing, we have

no way of knowing what the court advised the Petitioner regarding the SORA. The Petitioner was released in 2019 after serving a thirteen-year sentence, making it likely that his conviction was in 2006. The Tennessee SORA has been in effect since 1995 and has prohibited offenders from living with minors who are not their own since 2003, when the 1000' rule was enacted. *See* T.C.A. § 40-39-211 (c) (prohibiting a sex offender, whose victim was a minor, from residing or conducting an overnight visit at a residence in which a minor resides or is present). The version of the act in effect at the time of the Petitioner's conviction already strictly limited many of his fundamental liberty interests or prohibited many of his life activities, and it likely limited the Petitioner's right to live in the same home with a minor child, a provision that has been upheld by the Federal Courts. In this case, the Petitioner's SORA conviction was based on his living in a home with a four-year-old child, which the SORA law in effect at the time of his conviction likely prohibited. Therefore, there is no proven violation of the *Ex Post Facto* Clause.

### III. Conclusion

Based on the foregoing reasoning, the judgment of the post-conviction court is affirmed.

s/ *ROBERT W. WEDEMEYER*
ROBERT W. WEDEMEYER, PRESIDING JUDGE

7